## Woodworth *et al. vs.* Guzman *et al.*

A prior unrecorded mortgage has priority of lien over a subsequent recorded mort gage, where the second mortgagee had notice of the existence of the first incum- brance; and this was so, as well before as since the enactment of the statute by which the common law was adopted in California.

Whether there was any officer in San Francisco authorized to record mortgages pre- vious to the passage of the act of the legislature establishing recorders' offices, passed April 4, 1850, with the effect of making them constructive notice to subse- quent purchasers or mortgagees; Query?

The object of laws which require deeds and mortgages to be recorded, is to prevent imposition upon subsequent purchasers and mortgagees, in good faith, and without notice of the prior deed or incumbrance, but not to protect them when they have such notice. *Per* BENNETT, J.

No particular form of words is necessary to constitute a mortgage; and where two instruments taken together described the property and the amount of indebtedness, and conveyed the premises as security for the indebtedness; *Held*, to be a sufficient mortgage.

A court of equity will, as against the mortgagor, correct a mistake in the description of the mortgaged premises, as a matter of course; and a person claiming under the mortgagor, and having notice of a prior lien upon the premises, is in no better con- dition than the mortgagor himself.

APPEAL from the superior court of the city of San Francisco. The complaint was filed for the purpose of foreclosing a mort- gage upon certain premises situated in the city of San Francis- co, made and executed by the defendant Guzman to the plain- tiffs, on the 14th day of August, A.D. 1849. Guzman, at the time of making the mortgage, claimed to own the premises un- der a deed of conveyance from one Samuel Brannan, executed by said Brannan on the 17th day of June, 1849. The premises described in the deed from Brannan to Guzman are designated therein as situated on *Washington* street, in the city of San Francisco, but Brannan gave a receipt to Guzman for $1000 in part payment of the purchase money, in which receipt the pre- mises are described as lying on *Montgomery* street. This re- ceipt was delivered to Guzman.

The defendant Guzman being desirous of raising $3000, ap-

plied to the plaintiffs, and proposed to give them as security a lien on the premises in suit. They accordingly loaned him that sum; and Guzman delivered to them the receipt given by Brannan as above mentioned, with a transfer thereon written in the words following:—

" I hereby transfer all my right, title, and interest in the " above-named premises to Woodworth & Morris, as security " for the payment of ($3000) three thousand dollars, as per " agreement, which I am bound to them to pay on or before the " fourteenth day of February, 1850."

On the eighth day of November, 1849, Guzman mortgaged the premises in controversy to Rynders to secure the payment of $7000, loaned by Rynders to Guzman.

At the trial of the cause it was proved that Rynders had notice of the mortgage for $3000 to the plaintiffs, and expressed his willingness to advance the amount which Guzman wanted, upon the security of the premises in question, subject to the lien of the plaintiffs for the amount loaned by them.

Brannan also testified that it was by mistake, occasioned by the hurry in which the receipt given by him was drawn up, that the premises were therein described as situated on *Montgomery* street instead of *Washington* street, which latter were intended to be described therein.

A decree of foreclosure was entered in the court below, and the lien of the plaintiffs' mortgage was declared to be prior and superior to that of the defendant Rynders. From the judgment thus rendered by the superior court the defendant Rynders appeals.

*Edward Norton*, for plaintiffs.

*John B. Weller*, for defendant Rynders.

*By the Court*, BENNETT, J. The question in this case is as to priority of lien upon land. The plaintiffs had a mortgage on the premises in question. Guzman desired to borrow $7,000 of Rynders. The latter was informed of the existence of the plain-

Woodworth *v.* Guzman.

tiffs' mortgage, but thought the property sufficient security, and said that he was willing to loan the money, and take a mortgage subject to that of the plaintiffs.

Rynders, having knowledge of the existence of the plaintiffs' mortgage, has no reason to complain that it was not recorded. It is well settled in the states, where statutes requiring mortgages to be recorded are in force, that if a subsequent mortgagee has notice of the existence of a prior unrecorded mortgage, he takes his lien subject to the lien of the first mortgagee. We think the same rule applies under the Mexican system. The object of such laws is to prevent imposition upon subsequent purchasers and mortgagees, in good faith, and without notice of the prior incumbrance; and when they have such notice, to permit their subsequent mortgages to take priority over a previous one, even though unrecorded, would be, not to protect them, but to enable them to impose upon others.

Besides, we are not aware that there was any officer in San Francisco, who, according to Mexican law, was authorized to record mortgages; and unless there was, we see not how the authorities cited by the appellant can apply.

But it is said that the instrument under which the plaintiffs claim, was not a mortgage. No particular form of words is necessary to constitute a mortgage, more than any other contract. The receipt of June 17th, and the transfer by Guzman to the plaintiffs must be construed together. Taken in this way, they describe the property, and the amount of indebtedness, and convey the land as security therefor. We think this sufficient to constitute a mortgage.

It is also said that the plaintiffs' mortgage does not describe the same premises upon which Rynders' mortgage was taken. The premises are misdescribed, it is true; but Brannan testifies that that was a mistake committed in the hurry of drawing up the receipt. This mistake a court of equity would correct, of course, as against the mortgagor, so as to make the mortgage conform to the intention of the parties; and Rynders, having had notice that the lien of the plaintiffs was upon the identical lot on which

he took his mortgage, is in no better condition than Guzman the mortgagor.   We think the judgment should be affirmed.

Ordered accordingly.