ROGER DRURY *vs.* TREMONT IMPROVEMENT COMPANY & others.

Although a deed of land is made subject to a mortgage, and contains a general covenant against all incumbrances except the said mortgage, and the consideration named in the deed is simply the value of the equity of redemption, yet if it was a part of the real consideration that the grantee should assume and pay the debt secured by the mortgage, it will be his duty, as between him and his grantor, to do so.

The owner of a large lot of land, which was subject to a mortgage, conveyed a portion thereof with covenants of warranty against the mortgage. Subsequently the grantee offered to purchase the residue at a stated price, and to assume the debt secured by the mortgage and pay the remainder of the price in money. This offer was accepted, and a deed was accordingly executed, in which the consideration named was simply the value of the equity of redemption, and which conveyed the land subject to the mortgage, and contained a general covenant against incumbrances except the said mortgage. *Held,* that it became the duty of the grantee to pay the mortgage debt, and that the grantor was released from the covenant of his first deed against the mortgage.

BILL IN EQUITY against a corporation and two of its directors, who had notice of its doings when they took their title, to

enforce the performance of a covenant by the corporation to discharge a parcel of land in Roxbury from a mortgage, and to obtain an injunction against enforcing that mortgage.

At the hearing before *Gray*, J., the following facts appeared : On the 29th of March 1859, Stephen M. Allen conveyed to the Tremont Improvement Company a parcel of low land in Roxbury, containing 159,420 square feet, subject to a mortgage made by him on that day to Charles M. Parker to secure, among other things, a note of $9675.05, payable in three years from date. This mortgage contained a stipulation that Parker should release portions of the land from time to time, on payment therefor at certain specified rates. On the 30th of said March the company entered into a written agreement with the plaintiff, by which he was to fill up their land, and they were to sell him 100,000 feet thereof, upon certain terms. On the 24th of March 1860, the company delivered to the plaintiff a deed of the 100,000 feet, with covenants of warranty against all incumbrances, and with an agreement to cause the above mentioned mortgage to be discharged at its maturity. When the note of $9675.05 (secured by the mortgage) fell due, two of the directors of the company obtained an extension of the time of payment for three years, for the convenience of the company, on their own guaranty.

On the 24th of August 1864, the plaintiff made the following offer in writing to the company : " I propose to purchase from the Tremont Improvement Company all the land they own on Parker Street, Roxbury, at twenty cents per foot, and assume the mortgage of $9675, the balance in money as soon as deeds are made out." On the 31st of the same month, the directors, who were duly authorized to act in the matter, voted " that the proposition of Roger Drury to purchase the land of this company on Parker Street and Parker Place be accepted, and that the president be authorized to execute and acknowledge the necessary instruments to carry the sale into effect." And by a deed dated on the same day, to which a copy of the above vote was annexed, the company, in consideration of $2497.90, conveyed to the plaintiff the parcel of 59,420 feet, " the premises

being subject to a mortgage from Stephen M. Allen to Charles M. Parker, dated March 29, 1859, on which the sum of $9675.05 remains unpaid;" and also another parcel of land containing about five thousand feet, separated from the first parcel by Parker Place, and not included in that mortgage; with general covenants of warranty, "except against the incumbrances hereinbefore set forth." The treasurer of the company testified that this deed was based on the plaintiff's proposition of August 27th; that the consideration to be paid was at the rate of twenty cents a foot, or $11.884 for the large parcel, making no charge for the smaller parcel, over which private ways had been laid out, from which sum the amount of $9675.05, due on the mortgage, was deducted, and the balance of $2208.95 was paid by the plaintiff to the company; the consideration being incorrectly stated in the deed; and that the plaintiff then paid the interest on $9675.05 from the 13th of September to the 1st of October; and afterwards, from the 1st of October 1864 to the 1st of April 1865.

On the 25th of March 1865, the treasurer of the company notified the plaintiff that the principal of the note for $9675.05 would fall due on the 29th of that month, and requested him to pay the same to Charles M. Parker; but the plaintiff did not do so; and on the 1st of April 1865 the two directors of the company who had guaranteed the note, paid the same, and took an assignment of the mortgage to themselves, and on the 26th of the following June entered for the purpose of foreclosure.

The case was reported for the determination of the full court.

J. M. Keith, for the plaintiff.

J. W. May, for the defendants.

CHAPMAN, J. It appears that the Tremont Improvement Company owned a tract of land, containing 159,420 square feet, which was subject to a mortgage made by S. M. Allen to Charles M. Parker, to secure, among other things, a note for $9675.05. They sold to the plaintiff 100,000 feet of this land on the 24th of March 1860, and their deed contained a covenant against this incumbrance. On the 31st of August 1864 they conveyed to the plaintiff the remainder of the land. The

consideration stated in the deed was $2497.90, which was ackowledged to be paid in the usual form ; and the deed contains the following clause : " The premises being subject to a mortgage from Stephen M. Allen to Charles M. Parker, dated March 29, 1859, on which the sum of $9675.05 remains unpaid." The general covenants of warranty are followed by the clause, " ex cept against the incumbrances hereinbefore set forth."

The plaintiff thus took the last mentioned tract, subject to the mortgage, to secure the amount stated. If the deed had stated that the grantee assumed the debt, or something to that effect, the plaintiff would, by accepting the deed, have become personally liable to pay the debt. *Braman* v. *Dowse*, 12 Cush. 227, and cases there cited. But, as nothing of the kind is stated, the mere acceptance of the deed did not make him personally liable to pay the debt or discharge the incumbrance. In the absence of other evidence, the deed shows that he merely purchased the equity of redemption.

The plaintiff contends that the deed is conclusive evidence of the contract between the parties, and that no other evidence is admissible on the subject. But as to the consideration which was paid the deed is not conclusive. The acknowledgment of payment may be controlled by parol evidence of an additional or a different consideration. *Paige* v. *Sherman*, 6 Gray, 511. *Miller* v. *Goodwin*, 8 Gray, 542.

The defendants put in evidence a written proposal made by the plaintiff to them, for the purchase of the land, which was received by the company on the 27th of August 1864, and on the 31st of the same month they voted to accept it, and authorized their president to execute conveyances. The plaintiff contends that the vote is not an acceptance of his written proposal, because it includes a piece of land on Parker Place, while his proposal does not refer to that piece. But as it appears that it was a small piece lying beside the other tract, and covered with private ways, and was included without any additional consideration, and the plaintiff accepted the deed without objection, and it does not appear that he made any other offer, we think the vote referred to the written proposal, and the deed was an acceptance of it.

The amount of money paid and the subsequent conduct of the plaintiff are conformable with the proposal, and we think it states the consideration which was to be paid for the conveyance. By this proposal he assumed the payment of the note, and, as between him and the company, it became his duty to pay it.

The company have not attempted to enforce the mortgage; but the other defendants, who are directors of the company, became guarantors of the note, and, having been obliged to pay it, they have taken an assignment of the mortgage, and are attempting to enforce it. We do not think the plaintiff has any equitable right to restrain them from doing this; for though his agreement is not a technical release of the covenant of warranty contained in the first deed to him, yet, in equity, an agreement under seal may be discharged by matter *in pais;* for equity looks at the substance of things, and not to the form of agreements. Adams on Eq. 106. If the plaintiff could maintain this bill even against the company, it would be contrary to the maxim that he who seeks equity must do equity. Upon the construction which the court have given to his proposal, it is his duty to pay the note, and when he does this he will be relieved from the incumbrance. *Bill dismissed with costs.*