ROBINIUS *v.* LISTER AND LISTER.

PRACTICE.—*Deposition.*—In an action by a married woman concerning her separate property, her husband being joined as plaintiff, the deposition of the husband, appearing as such on its face, was admitted in evidence over the objection of the defendant, made for the first time after entering on the trial.

*Held,* that this ruling was correct.

COVENANT OF WARRANTY.—*Incumbrance.*—*Evidence.*—Where, at the time of the conveyance of land by warranty deed in exchange for other land, it is agreed by the parties that the taxes due upon the lands so mutually exchanged shall be set off against each other, the taxes on the land so conveyed by warranty deed are part of the consideration for such deed, and in an action against the vendor by the vendee, or one deriving title by warranty deed from the vendee, to recover money paid by the plaintiff to remove the incumbrance of the taxes so assumed by the vendee, parol proof of such contract concerning the taxes is admissible.

SAME.—*Satisfaction of Breach.*—If it be considered in such case that the warranty of the vendor is broken, still the vendee can thus agree upon the damages, and payment by the vendor, before action brought, of the taxes due on the land received by him in exchange will satisfy the breach.

APPEAL from the Marion Common Pleas.

RAY, C. J.—This was an action commenced before a justice of the peace, to recover money paid by Jane K. Lister, to remove an incumbrance, consisting of taxes due on lands purchased by her from one Smith, who had received a conveyance of said land from appellant. The deeds from Robinius to Smith and from the latter to Mrs. Lister contained covenants of warranty against incumbrances. The husband of the appellee was joined with her in the action. A paragraph of answer was filed denying any privity of contract between the appellant and Mrs. Lister. In a second paragraph it was alleged that at the time of conveyance by Robinius to Smith of the land upon which the incumbrance existed, Robinius received a deed from said Smith for certain other land, and it was at the time agreed between them, that the taxes remaining due upon the lands so mutually exchanged and conveyed should be set off against each other, and that the taxes on the land received

by Robinius exceeded in amount the taxes on the land conveyed by Robinius. In the Common Pleas Court, the appellees on the trial offered to read the deposition of John Lister, the husband of Mrs. Lister, to which the appellant objected, but the deposition was admitted. This ruling was correct. The objection appeared upon the face of the deposition, and should have been made before entering upon the trial. Our statute requires that "all objections to the validity of any deposition, or its admissibility in evidence, shall be made before entering on the trial, not afterwards," unless the deposition does not disclose the ground of the objection. 2 G. & H. 178, sec. 266.

The appellant, in defense, offered to prove the facts set out in his answer, and that he had paid taxes due upon the land received from Smith, in amount exceeding the sum for which the action was brought. This evidence was excluded by the court. This was error. If Mrs. Lister elected to sue upon the covenant in the deed from Robinius to Smith, she certainly could stand in no better position than Smith would have occupied had he brought the action. The agreement between Robinius and Smith made the tax upon the land conveyed part of the consideration for the deed, and proof of the covenant was admissible. *Pitman* v. *Conner*, 27 Ind. 337. Or, if it be considered that the warranty of Robinius was broken, still Smith could agree upon the damages, and upon their payment the breach was satisfied. The evidence should have been admitted, as it constituted a defense to the action.

The judgment is reversed, and the cause remanded for a new trial.

*J. L. Ketcham* and *J. L. Mitchell*, for appellant.
*L. Barbour* and *C. P. Jacobs*, for appellees.