Syllabus.

### BERNARD FOWLER

*v.*

### EMORY FAY *et al.*

62  375
121  137

62  375
158  555

62  375
58a  203

62  375
166  370

62  375
180  145

62  375
93a  ³325

62  375
191  ³111

62  375
209  ³411

62  375
213  ³396

1. RIGHTS OF MORTGAGEE—*purchasing fee from mortgagor—as against intermediate incumbrances—merger.* In 1866 A & B mortgaged certain lots held by them in severalty to C to secure the payment of a note of $2,912.37, and C being indebted to D & Co. assigned to them this note and mortgage as collateral security. In September, 1868, A mortgaged his part of the same lots to F to secure a debt of $1,000, owing from A & B. In December following A & B by warranty deed conveyed the mortgaged lots to C for the expressed consideration of $8,000. This deed was expressed to be subject to the mortgage to F, but contained no provision that the grantee should pay off such mortgage: *Held,* that the effect of the deed from the mortgagors to C was not to merge the first mortgage in the fee so far as the rights of C were concerned; and that upon foreclosure and sale, the sum due on the mortgage to C was the prior lien and should be first paid; secondly, the junior mortgage, and the surplus arising from the sale after satisfying both mortgages should be paid to C.

WALKER, SCOTT, and SHELDON, J. J., dissenting.

2. MERGER. Courts of equity will not apply the technical doctrine of *merger* where the intention or the just interests of the parties require the incumbrance to be kept alive. Where it is perfectly indifferent to the party in whom the interests are united, whether the charge should or should not subsist, it will sink, but where it is to his interest that it should be kept on foot, the court, in the absence of an expressed intention, will so decree.

3. PURCHASE—*subject to incumbrance—rights of parties.* Where a party receives a warranty deed containing a clause that it is made subject to a mortgage given upon the land by the grantor to a third party, this will create no personal liability on the part of the grantee to pay the outstanding incumbrance, unless he has specially agreed to do so, or the amount of the incumbrance has been deducted from the purchase price. The effect of such clause is to make the land the primary fund as between all the parties for the payment of the debt.

4. MERGER. If a senior mortgagee should purchase the mortgaged premises from the mortgagor and undertake to pay off a junior mortgage, and the amount of such mortgage is deducted from the price of the land, then the senior mortgage will be postponed in favor of the junior.

APPEAL from the Circuit Court of McLean County; the Hon. THOMAS F. TIPTON, Judge, presiding.

Mr. O. T. REEVES, for the appellant.

Messrs. McNULTA & McNULTA, for the appellees.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

On the 19th of February, 1866, Fay and Lord executed to Ives a mortgage upon certain real estate in the city of Bloomington to secure the payment of a note for $2,912.37.

On the 29th of December, 1867, Ives, being indebted to McClure, Holder & Co., assigned to them this note and mortgage as collateral security.

On the 30th of September, 1868, Fay and Lord being indebted to Fowler in the sum of $1,000, Fay executed to him a mortgage, to secure said debt, on that portion of the premises included in the preceding mortgage which belonged to Fay.

On the 8th of December, 1868, Fay and Lord conveyed to Ives, by deed of general warranty, for an expressed consideration of $8,000, all the mortgaged premises, and gave him possession. The deed expressed upon its face that it was made subject to the Fowler mortgage, but contained no provision that that mortgage should be paid by the grantee.

Fowler filed a bill to foreclose his mortgage, making McClure, Holder & Co. parties, and they filed a cross bill to foreclose the mortgage executed to Ives and assigned to them.

The court decreed a foreclosure and sale, and that the entire amount due upon the Ives mortgage, according to its terms, should be first paid.

From this decree Fowler appeals, claiming that the Ives mortgage was entitled to precedence only to the extent of the debt due from Ives to McClure, Holder & Co., which was considerably less than the face of the mortgage, and for which they held the mortgage as collateral security. It is claimed by counsel for appellant, that so far as Ives retained an interest in the mortgage it was merged by the absolute conveyance of the mortgagors to him. The question presented by the record is as to the effect of that deed.

It has long been the rule with courts of equity that they will not apply the technical doctrine of merger where the intention or the just interests of the parties require the incumbrance to be kept alive. In *Forbes* v. *Moffat*, 18 Ves. 390, Sir William Grant states as the principle to be drawn from all the cases, that where it is perfectly indifferent to the party in whom the interests are united, whether the charge should or should not subsist, it would sink; but when it was for his interest that it should be kept on foot, the court, in the absence of an expressed intention, would so decree.

In the case before us, no intention is expressd upon the face of the deed that the mortgage should sink, nor is there any thing in the circumstances of the case which requires such an intention to be imputed to the parties upon equitable grounds. On the other hand, it is important to the protection of the just rights of the first mortgagee, that his mortgage should be kept alive. If proof had been made, showing that, in the sale of the premises to Ives, he had undertaken the payment of the Fowler mortgage, and the amount of that mortgage had been deducted from the price of the land, the Ives mortgage should be postponed in favor of the junior incumbrance. Such was the case in *Halsey* v. *Reed*, 9 Paige 452. But no evidence was offered on this point, and the only ground upon which it can be claimed that such was the understanding of the parties, is the clause in the deed to Ives, reciting that it was made subject to the Fowler mortgage. But it was decided by this court in *Comstock* v. *Hitt*, 37 Ill. 546, that such a clause in a deed creates no personal liability on the part of the grantee to pay the outstanding incumbrance, unless he has specially agreed to do so, or the amount of the incumbrance has been deducted from the purchase price. The effect of the clause, it was there said, was merely to make the land the primary fund, as between all the parties, for the payment of the debt.

If, in the case before us, we were to hold the elder mortgage merged, our decree would be substantially as inequitable as if we were to hold that this clause in the deed had created a personal obligation on the part of Ives to pay the Fowler

mortgage. Such a decree would compel Ives to pay in order to save his own mortgage, even though the amount due on his mortgage should equal the value of the premises.

Certainly there are no equitable considerations that would justify such a decree. It can not be demanded on behalf of Fowler, for he has done nothing to entitle him to any better position than that he assumed when he took his mortgage. He took it as a junior incumbrance, and can not complain because he is not permitted to supplant the senior mortgagee. Neither can such a decree be claimed as an act of justice to the mortgagors. By the clause inserted in their deed to Ives, they saved themselves from liability on their covenants in case the premises should be sold on the Fowler mortgage, and made the land the primary fund, as between themselves and Ives, for the payment of the Fowler debt, but they did nothing more. Both the mortgages were, so far as this record discloses, kept in force. The note and mortgage to Ives had been assigned by him, and, to the extent of the lien of the assignee, were beyond his control.

The conveyance of the fee so far merged the mortgage, at law, that the grantors would not be liable, under their covenants, on the senior mortgage, and the clause in the deed saved them from liability on the Fowler mortgage. The land was thus made, as said in *Comstock* v. *Hitt, supra,* the primary fund for the payment of this debt. Ives has the paramount interest in the premises to the extent of his mortgage. Then comes the junior mortgage. If the mortgaged premises equal in value only the senior mortgage, Ives should have the right to purchase under his mortgage. If they exceed that mortgage in value, the mortgagors can bid at the sale and make the property bring an amount sufficient to pay both mortgages, and they can take the title, in case they should become the purchasers. They can thus make the property the primary fund for the payment of the incumbrances, and relieve themselves from personal liability, while Ives can choose between the relinquishment of his property on the payment of his mortgage, or retaining it by becoming the highest bidder at the sale, having the

proceeds applied, first, on his own mortgage, and, secondly, on that of Fowler, the surplus, if any, to be repaid to him. This does justice to all parties, and was the decree of the circuit court.

*Decree affirmed.*

Justices WALKER, SCOTT, and SHELDON, dissent.