WILLIAMS *v.* MOODY.

1. Where a deed of conveyance recited that it was made subject to a
mortgage upon the property conveyed, given by the grantor to a
third person to secure a specified sum with interest, "which said
mortgage and interest said grantee assumes as part of purchase·
price" of the property, the grantee, upon failing to pay off the
mortgage at its maturity, became liable to the grantor for the
amount due thereon.

2. Although the mortgage of which the grantee had thus assumed
payment, did not upon its face disclose that a given default in the
payment of interest would render the principal of the note secured
by the mortgage due at a date earlier than that otherwise fixed for
its maturity, yet where that note, as described in the mortgage,
referred to an "interest coupons note," which, though not so
stated in the mortgage, was in fact attached to the note for the
principal, and it appears that an examination of the latter note
would have disclosed the terms upon which its maturity would be
advanced, the grantee in the deed was chargeable with a knowl-
edge of these facts, and in assuming payment of the mortgage be-
came liable accordingly.

3. The maturity of the note secured by the mortgage having been
advanced because of default in the payment of interest, de-
mand for which was made upon the grantee, and payment re-
fused by him, and the mortgagee having exercised a power of sale
contained in the mortgage, the proceeds of which sale were insuffi-
cient to pay off the debt, and the mortgagor having paid the bal-
ance due thereon, the grantee became liable to her in an action
for the amount of such balance.

November 12, 1894. By two Justices.

Complaint.  Before Judge VAN EPPS.  City court of
Atlanta.  January term, 1894.

LEWIS & GREEN, for plaintiff in error.

KING & ANDERSON, *contra.*

SIMMONS, Chief Justice.

M. B. Williams purchased certain land from Mrs.
Helen S. Moody, taking a conveyance from her which
contained this provision :

"This deed is made subject to a mortgage of $2,000
given on said property by Helen S. Moody to Samuel
D. Rambo, dated 12th day of January, 1893, with in-

terest from date at 8 per cent. per annum; principal due 3 years, interest payable semi-annually in separate interest notes given therefor, which said mortgage and interest said M. B. Williams assumes as part of purchase price above."

The mortgage commenced thus:

"State of Georgia, Fulton county.
"$2,000.        Atlanta, Ga., Jany. 12th, 1893.
"Three years after date I promise to pay Samuel D. Rambo or order two thousand dollars, value received, with interest from date at eight per cent. per annum, *as per my interest coupons note No. 1*, of even date herewith;" this being followed by this language: "I hereby create and give to said Samuel D. Rambo, his heirs and assigns, a full and complete mortgage lien on the following property" (describing it). A provision was contained in the mortgage that if the debt to secure which it was given was not paid at maturity, the mortgagee had the power, after complying with certain conditions as to advertising, etc., to sell the property described and apply the proceeds to the payment of the debt. The "interest coupons note No. 1," referred to. in the mortgage, was a note with interest notes attached, and corresponded in date, amount, time of maturity and rate of interest with the mortgage. It contained, however, a provison which did not appear in the mortgage, that,. "upon failure to pay any of said interest within thirty days after due, said principal sum shall, at the option of the holder, become due and may be collected at once, time being of the essence of this contract." The purchase of the property by Williams was made before any of the interest notes had matured. When the first interest note became due, Mrs. Moody demanded of him that he pay the same, but he refused or neglected to do so; and after thirty days from that date had elapsed, the mortgagee elected to declare the whole debt due, and proceeded to enforce collection thereof. After comply-

ing with the provisions of the mortgage as to advertising, etc., the mortgagee sold the property at public sale, for $1,300, and credited this sum upon the mortgage indebtedness, which, together with the expenses of sale, amounted to $2,208.25. Payment of the balance, $908.25, was demanded of Mrs. Moody by the mortgagee, and she paid the same. ˙ She then made a demand upon Williams for the payment of this sum, and upon his refusal to pay, brought the present action to recover the same, the facts above recited being set out in her declaration. The declaration was demurred to, upon the grounds that no cause of action was set out; that the petition and exhibits failed to show any right of the plaintiff to demand of the defendant the sum sued for; that it failed to show that the defendant assumed the note or was liable for any of its terms; that Rambo had no right to sell the property as alleged, and that the attempted sale was unauthorized and void, especially so far as the defendant was concerned, and the plaintiff's acquiescence in the sale could give no right of action against the defendant; that the relief sought was equitable, and the proceeding not a proceeding at law, and therefore could not be entertained in the city court of Atlanta, in which the suit was brought. The court overruled the demurrer, and the defendant excepted.

The court did not err in overruling the demurrer. It is well settled that where a purchaser of property accepts a deed to the same which recites that he assumes payment of a mortgage on the property as a part of the purchase price, he becomes personally bound for the payment of the mortgage debt (1 Jones, Mortg. (4 ed.), §§749, 752; 2 Warvelle, Vendors, p. 658); and if he fails to pay it when due, and the mortgagor himself pays the same, the amount so paid may be recovered by the mortgagor in an action at law against the purchaser. (1 Jones, Mortg., §768 *et seq.*; 15 Am. & Eng. Enc. L. 834, 842, note, and cases cited.)

It was not insisted in the argument before us that the mortgagee, under her contract with the mortgagor, as embraced in the mortgage and the notes given in connection therewith, did not have the right, upon default as to the interest, to collect the whole debt, and for that purpose to sell the mortgaged property; or that the mortgagor was not liable for the deficiency in the proceeds of the sale to the extent of the sum paid by her to the mortgagee and sued for in this action.

It was contended, however, that the mortgage did not disclose the existence of any other contract in connection therewith, except the interest notes, and that it did not appear that the defendant, at the time of his purchase, was put upon notice of the separate note for the principal, which contained the provision authorizing the mortgagee to collect the whole debt upon default as to the interest; and no such provision being embraced in the mortgage itself or the interest notes, the declaration failed to show that the defendant was liable for the sum sued for. An examination of the mortgage and the notes referred to therein will show that this contention is untenable. The agreement to pay the mortgage was an agreement to pay the debt secured by the mortgage, in accordance with all the covenants attached to the contract, and the defendant was chargeable with notice of the terms of the debt as disclosed not only by the mortgage itself, but by any other papers connected therewith, the existence of which was indicated by the mortgage. The mortgage recited a promise to pay the sum stated therein and interest "as per my interest coupons note No. 1." It became incumbent upon the defendant, therefore, to ascertain what this note contained. This description, as we have shown, applied to the note containing the stipulation in question. The word "coupon" means something intended to be "cut off" from another thing, and a "coupon note" is defined to be "a promis-

sory note with coupons attached," the coupons being notes for the interest, written at the bottom of the principal note and designed to be cut off when the notes are presented for payment or paid. (See Anderson's Law Dic. 272; Webster's International Dic.) If, however, the mortgage could be considered as ambiguous on this point, and as appearing to be the original obligation itself for the principal, and the term "coupons note" could be understood as meaning the interest notes only, an examination of the latter would have shown that these notes were in fact attached, in the form of coupons, to the note containing the stipulation in question; at least we may so infer from the fact that they are described in the latter as being "hereto attached." Besides, even if they were not at the time of the purchase attached to the principal note, they purported to be for the interest upon a note described by them as "my note No. 1," and this would hardly be understood as applying to the mortgage itself. This reference to the principal note was sufficient to put the defendant upon notice of all that the principal note contained. McClure v. Township of Oxford, 94 U. S. 429. We therefore cannot hold that the declaration is insufficient as failing to show that the defendant assumed that part of the original contract under which the collection of the whole debt was enforced.

There is no merit in the contention that this was an equitable proceeding, and consequently did not fall within the jurisdiction of the city court.

*Judgment affirmed.*