## CALLENDER v. EDMISON *et al.*

There being a well-settled distinction between an agreement to indemnify and an agreement to pay, an action upon a breach of covenant to pay, to a third party, at a specified time, a stipulated amount of money, and to cause certain real property to be released from the lien of a mortgage given by the plaintiff to secure the payment thereof, is maintainable by the promisee against the promisor, although the former has neither paid the money nor sustained actual injury by reason of the failure on the part of the former to perform his contract.

(Syllabus by the Court. Opinion filed Dec. 16, 1895.)

Appeal from circuit court, Minnehaha county. Hon. JOSEPH W. JONES, Judge.

Action for breach of contract. Demurrer of defendants overruled, and Edmison appeals. Affirmed.

The facts are stated in the opinion.

*W. A. Wilkes*, for appellant.

Where a grantee assumes a mortgage in the deed it places him in the position of principal debtor and his grantor as his surety.   Warvelle on Vendors, 664; Wilcox v. Campbell, 106 N. Y. 325; Wadsworth v. Lyon, 93 N. Y. 201; Johnson v. Zink, 51 N. Y. 336.   Actual compensation is given only for actual damages.   Ayers v. Dixon, 78 N. Y. 318; Aberdeen v. Blackman, 6 Hill. 324; Van Slyke v. Kembal, 8 John. 198; Ring v. Whitely, 10 Paige, 465; Hamilton v. McPherson, 58 N. Y. 76.

*Boyce & Boyce*, for respondent.

A contract to pay a mortgage on or before a specified time is different from a contract of indemnity, and it may be enforced without showing any damages.   Wilson v. Stillwell, 9 O. St. 467; Dorrington v. Minnick, 19 N. W. 459; Sage v. Truslow, 88 N. Y. 240; Jackson v. Port, 17 John. 479; Wicker v. Hoppock, 6 Wall. 94; Lock v. Homer, 131 Mass. 99; Trinity Church v. Higgins, 48 N. Y. 532; Merrian v. Lumber Co., 23 Minn. 314; Stout v. Folger, 34 Ia. 71.

FULLER, J.   The material facts upon which plaintiff bases his cause, and right to recover upon a certain undertaking of the defendant Edmison, which will presently be noticed, are in effect stated in the complaint, as follows:   On the 30th day of September, 1885, plaintiff and one Weston mortgaged certain farm lands and city property to the assignor of defendant Reitsch, to secure a note for $3,000, due January 1, 1891; the title to the city property being at the time in plaintiff and said Weston, and so remaining until September, 1887, when Weston conveyed his interest therein to plaintiff, who assumed and agreed to pay the mortgage indebtedness of $3,000.   On the 20th day of April, 1889, plaintiff, in consideration of $4,000, sold and conveyed said city property to the defendant Edmison, who assumed in the deed, as a part consideration therefor, the above-mentioned incumbrance, as follows:   "Except mortgage

for $3,000 and interest from June 1, 1889, which second party assumes and agrees to pay on or before one year from date." On the same day, and as a part of the transaction between the parties, the defendant Edmison executed and delivered to plaintiff the contract in suit, which is as follows: "Know all men by these presents: That whereas Henry Callender has sold and conveyed by deed of warranty to Percival H. Edmison the following described property to-wit: * * * And whereas, there is at this time existing upon said property a certain mortgage for the sum of three thousand dollars, payable to one Henry Reitsch, of Rockford, Ill., and due January 1, 1891: Now, therefore, this obligation is to show that the said Edmison, his executors, administrators, or assigns are held and bound by this instrument to assume, pay, and discharge the said note and mortgage of three thousand dollars, and for the payment of this sum the said Edmison hereby binds himself, his heirs, executors, and administrators jointly and severally by this instrument. It is further provided that said Edmison shall make such payment within one year from date hereof, provided said Reitsch will not accept payment of said note and mortgage prior to the due date thereof, and the said Edmison shall have the right to defer payment until due date of said note and mortgage, provided he shall procure and obtain of the said Henry Reitsch a discharge and release from said mortgage on the certain other property covered by the same, exclusive of that property which is described in this instrument; the object of these provisions for the deferring of the said mortgage until the due date being to save said Edmison from the contingency of having to pay the full amount of principal and interest that would accrue at the maturity of such obligation. In witness whereof, we have hereunto set our hands and seals this 20th day of April, 1889. Percival H. Edmison. [Seal.] Witness: Louis Caille." It is further averred that no part of the mortgage debt has ever been paid, except some interest, and that the defendant Edmison has not procured a release of the farm lands

belonging to plaintiff, described and included in said mortgage. The relief demanded was that judgment against the defendant Edmison for $3,000, with interest and costs, be rendered, and that execution issue thereon; that the money, when collected, be returned into court, and applied in satisfaction of said mortgage upon the city property conveyed to Edmison, and the farm lands owned by plaintiff; and that said judgment be declared a lien upon the interest of defendant Edmison, subject only to the mortgage of the defendant Reitsch. Upon the ground that the complaint failed to state facts sufficient to constitute a cause of action a demurrer was interposed, and this appeal by defendant Edmison is from an order overruling said demurrer.

It is urged that the contract before us is one of indemnity, and that, respondent being a mere surety, cannot recover until he has actually sustained injury by reason of a breach thereof, but our view of the transaction leads to a different conclusion. For the purpose of discharging the lien upon farm lands owned by respondent, and as a part consideration for the city property purchased on the 20th day of April, 1889, appellant agreed to pay, within a year from that date, the note for $3,000, and to procure a release of the mortgage by which the same was secured, and in case the owner of said mortgage should refuse to accept the money at the time specified, and before the maturity of the note, he agreed to obtain a release of the property still owned by respondent from the lien of said mortgage. This part of the contract he has failed to perform, and the mortgage indebtedness, although long past due, has not been paid. To say that respondent must first satisfy the debt which appellant agreed to pay, or defer his suit until his property has been sold in satisfaction thereof, would require an unwarranted construction of the covenant, a perversion of the language used, and a gross violation of the plainly-expressed intention of the parties. If respondent stood in the position of a mere surety, and the contract was in its character simply indemnifying, a complaint thereon, showing no injury to plaintiff, would doubtless, accord-

ing to the current of authority, fail to state facts sufficient to constitute a cause of action, but a complaint upon an express covenant to pay, at a specified time, a certain amount of money, and to cause certain property to be released from a mortgage lien, presents a case clearly distinguishable, and it was neither necessary for plaintiff to pay the debt, nor suffer his property to be sold, before the institution of a suit. When, to avoid such consequences, parties have entered into an express agreement, which has been violated, a court of equity will hear the complaint and administer substantial justice. In Merriam v. Lumber Co., 23 Minn. 314, the court says: "Upon the breach of a valid promise to pay his debt to a third party, such promise may maintain an action against the promisor, without first paying the debt himself. The measure of damages in such case is the amount of the debt agreed to be paid." Locke v. Homer, 131 Mass. 93; Dorrington v. Minnick (Neb.) 19 N. W. 456; Wilson v. Stilwell, 9 Ohio St. 468; Sage v. Truslow, 88 N. Y. 240; Stout v. Folger, 34 Iowa, 71; Rector v. Higgins, 48 N. Y. 532. In Wicker v. Hoppock, 6 Wall. 94, it is said: "There is a well-settled distinction between an agreement to indemnify and an agreement to pay. In the latter case, a recovery may be had as soon as there is a breach of the contract, and the measure of the damages in the full amount agreed to be paid." Where the assignee promised and agreed to pay rent to the lessor, according to covenants existing between the original parties to the lease, and as fast as the same matured, it was held that the assignor could recover the amount of the rent as fast as it became due, without first paying the same, or showing any injury to himself on account of a default on the part of his assignee. Port v. Jackson, 17 Johns. 239. The cases examined all seem to hold that where the relation created by the contract before us exists, a recovery may be had when a breach occurs, without showing that the obligee has sustained injury thereby. There being a well defined and settled distinction between an agreement to indemnify and an agreement to pay, the complaint dis-

closed a state of facts which would, if proved, entitle plaintiff to recover, and the order of the trial court overruling the demurrer is affirmed.