Morgan and another vs. South Milwaukee Lake View Co.

MORGAN and another, Respondents, vs. SOUTH MILWAUKEE LAKE VIEW COMPANY, imp., Appellant.

*September 30 — October 22, 1897.*

*Mortgage, pledgee of may foreclose: Evidence: Parties: Statute of frauds: Deficiency.*

1. The pledgee of a mortgage may foreclose the same, and recover the whole amount due thereon.

2. One to whom a mortgage is assigned as security is an assign, and may exercise an option given by such mortgage to the mortgagee or his assigns to deem and declare the whole amount of the principal sum due, on default in payment of principal, interest, or taxes.

3. Parol evidence, though inadmissible to vary the terms of a written agreement, is yet admissible to show a greater consideration than is expressed in a conveyance, or to show to whom it is to be paid; and it is therefore competent to show by parol that the grantee in a deed assumed to pay an existing mortgage on the premises conveyed, as a part of the consideration.

4. Such a parol promise by the grantee is not within the statute of frauds, as it is not a promise to pay the debt of another, but one to pay his own debt to a person other than his creditor. Such promise is valid, and the person to whom the money is to be paid may maintain an action upon it in his own name.

5. A grantee of land who has assumed to pay an existing mortgage thereon, being ultimately liable for the whole debt, cannot complain if, in an action to foreclose the mortgage, no judgment for deficiency is rendered against one who, in transferring the mortgage, indorsed the mortgage note, such indorser not being jointly liable with him.

APPEAL from a judgment of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Affirmed.*

The action is to foreclose a mortgage on land. The mortgage was executed by the defendants Mansfield and Buckley to James Botting. Botting sold it to the defendant Friis, who pledged it to the plaintiffs as security for a loan of $15,000. To effectuate this pledge, Friis procured the mort-

Morgan and another vs. South Milwaukee Lake View Co.

gage to be assigned by Botting to one Smithing as trustee for the plaintiffs. Smithing afterwards assigned it to the plaintiffs. Botting indorsed the notes which were secured by the mortgage. The defendant *South Milwaukee Lake View Company* afterwards bought the mortgaged premises from Mansfield and Buckley, subject to the mortgage, which it agreed orally to pay as a part of the purchase money, and retained out of the purchase money the amount of the mortgage. The mortgage contained this stipulation: "In case of the nonpayment of any sum of money, either principal, interest, or taxes, at the time the same shall become due according to the conditions of the notes and mortgage, . . . the whole amount of said principal sum shall, at the option of the said mortgagee, his representatives or assigns, be deemed to have become due and payable, and the same, together with interest thereon, . . . shall thereupon be collectible in a suit at law or by foreclosure of this mortgage, in the same manner as if the whole of said principal sum had been made payable at the time when any such failure *shall occur.*" Six thousand dollars of the principal became due and remained unpaid. Interest was overdue. Taxes to the amount of $678 were unpaid, when the plaintiffs gave notice of their option to deem the whole principal sum due. This notice was given to the mortgagors, who were personally liable as makers of the notes, and to the defendant land company. The usual judgment of foreclosure and sale was rendered, and it provides for a judgment for a deficiency against the mortgagors and the land company as one having assumed and agreed to pay the mortgage debt. There was a stipulation that no judgment for deficiency should be taken against Botting, the indorser of the notes. The *South Milwaukee Lake View Company* alone appeals.

For the appellant there was a brief by *McElroy & Eschweiler*, and oral argument by *F. C. Eschweiler.* To the point that, three parties being interested in the option given by the

Morgan and another vs. South Milwaukee Lake View Co.

mortgage, the plaintiffs alone could not exercise it, they cited *Marine Bank v. International Bank*, 9 Wis. 57.

*Edwin F. Van Vechten*, attorney, and *W. H. Timlin*, of counsel, for respondents.

NEWMAN, J. The appellant alleges five several errors as grounds for the reversal of the judgment. They are: (1) That the plaintiffs are not the real parties in interest, and for that reason are not the proper parties plaintiff in an action to foreclose this mortgage; (2) that the plaintiffs were not competent parties to declare the option to deem the whole principal sum due; (3) that oral evidence was incompetent to prove the assumption of the mortgage by the appellant; (4) that the finding that the appellant assumed the mortgage is contrary to the evidence of the defendant Friis, who is the equitable owner of the debt secured by the mortgage, and he is entitled to no benefit to inure from an assumption of the debt by the appellant which he does not claim; and (5) that the judgment for deficiency provided for will be unfair as against the appellant by reason of the omission therefrom of the defendant Botting, who is jointly liable for the debt, and should be included in the judgment for deficiency.

1. It is well settled that, as a general rule, the pledgee of a chose in action is entitled to bring an action on it in his own name, and to recover its entire amount. *Curtis v. Mohr*, 18 Wis. 615; *Union Nat. Bank v. Roberts*, 45 Wis. 373; *Potter v. Stransky*, 48 Wis. 235; 18 Am. & Eng. Ency. of Law, 694.

2. The stipulation in the mortgage expressly gives to the assigns of the mortgage the right to exercise the option to deem the whole amount of the principal sum due, on default in payment of principal, interest, or taxes. The plaintiffs are such assigns, and within the express terms of the stipulation. No reason is perceived why it should not be given effect according to its terms.

3. That parol evidence is incompetent to vary the terms of a written agreement is elementary. It is also elementary that this rule does not inhibit proof by parol of a different or greater consideration than is expressed in a conveyance. Such evidence does not tend to vary or impair the effect of the instrument as a conveyance of the title, which, alone, is its primary purpose. And, so far as it is a receipt for the purchase money, it is not within the rule; for a receipt may always be explained or contradicted by oral evidence. But in this case it is not attempted to prove a different or greater consideration than is named in the deed, but to show to whom it was to be paid. The evidence was clearly competent for the purpose within our own decisions. *Kickland v. Menasha Wooden Ware Co.* 68 Wis. 34; *Beckman v. Beckman*, 86 Wis. 655, 660, and cases cited. The promise is not within the statute of frauds, as a promise to pay the debt of another. It is a promise to pay one's own debt to a third person. Such promises are valid, and the person designated to whom the money is to be paid may maintain an action upon it in his own name. *Dyer v. Gibson*, 16 Wis. 557; *Putney v. Farnham*, 27 Wis. 187; *Hoile v. Bailey*, 58 Wis. 434; *Grant v. Diebold S. & L. Co.* 77 Wis. 72; *Larson v. Cook*, 85 Wis. 564; *Wilson v. King*, 23 N. J. Eq. 150; *Remington v. Palmer*, 62 N. Y. 31; Jones, Mortgages (5th ed.), § 750.

4. The proper force of the testimony of the defendant Friis on the question of the assumption of the mortgage by the appellant is not clear. But it certainly shows no ground for denying to the plaintiffs such relief as is properly based upon the finding of such assumption. Whether it should operate to estop the defendant Friis from claiming a benefit which may, in some contingency, accrue to him from that finding, it is not now necessary to decide.

5. Botting is not liable jointly with the makers of the note, but severally on his contract of indorsement. *Kiel v.*

*Choate*, 92 Wis. 517. He was not a necessary party, even, to the foreclosure action. Jones, Mortgages, § 1394. But the appellant assumed and promised to pay the entire mortgage debt. It is the party which is ultimately liable to pay the whole debt. So judgment should properly go against it for whatever deficiency remains after application of the proceeds of the sale of the mortgaged premises to the payment of the mortgage debt.

No error is found either in the proceedings or in the judgment.

*By the Court.*— The judgment of the superior court of Milwaukee county is affirmed.