[L. A. No. 4001. Department Two.—July 30, 1917.]

JAMES ARP, Respondent, v. R. H. FERGUSON et al., Defendants, and MARY E. PACKER, Defendant and Appellant.

MORTGAGE—ASSUMPTION BY GRANTEE—PAROL EVIDENCE.—The assumption of a mortgage by the grantee of a mortgagor may be established by parol.

ID.—EXTENT OF LIABILITY.—One who assumes a mortgage agrees to pay it according to its terms, and that liability is not measured or reduced by his subsequent recital in a letter of his understanding of the transaction.

REFORMATION OF INSTRUMENTS—SUBSEQUENT GRANTEES WITH NOTICE. A deed or other instrument may be reformed against a subsequent grantee or others acquiring rights with notice of infirmity in original writing.

APPEAL from a judgment of the Superior Court of Kern County, and from an order refusing a new trial. J. W. Mahon, Judge.

The facts are stated in the opinion of the court.

E. L. Foster, and Charles A. Barnhart, for Appellant.

Kaye & Siemon, for Respondent.

HENSHAW, J.—Plaintiff sued defendants, alleging in substance the following: The defendant R. H. Ferguson and his wife had executed to him a mortgage upon certain lots in the city of Bakersfield to secure the payment of their promissory note for $1,853.97. By error a faulty description of the land crept into the mortgage. The lots were described as being in block 164, whereas they were in fact in block 195.

Thereafter, and with full knowledge of this mistake, defendant Mary E. Packer purchased this land from the Fergusons, and in so doing, and as a part of the consideration of her purchase, agreed to pay, and assumed the obligation of paying, the amount of the mortgage indebtedness. The action sought a reformation of the mortgage contract and the imposition upon defendant Packer of the personal liability which it was alleged she had undertaken. The court found in accordance with the allegations of the complaint and its findings in this respect are supported. It appears and it was pleaded that plaintiff Arp took his note and mortgage from the Fergusons because he had become an accommodation maker with Ferguson in a joint note which they had executed to the Miller-Enwright Company of Sacramento, which joint note was for the sum of $1,853.97. The mortgage which the Fergusons gave to Arp was to hold Arp harmless because of his accommodation and to reimburse him for all sums which he might be legally bound to pay as joint maker of the Miller-Enwright note. It was established that he had thus been obliged to pay $2,588.52, and the trial court reforming the mortgage in the particular indicated gave judgment for that sum, declared the amount to be a valid lien upon the property purchased by defendant Packer, and gave personal judgment for any deficiency against the Fergusons as well as against defendant Packer. Defendant Packer appeals from the judgment and order denying her motion for a new trial.

Defendant Packer had given to defendant Ferguson a writing as follows:

"Bakersfield, Cal., September 30, 1912.

"Mr. R. H. Ferguson,

"City.

"Dear Sir:

"Having deducted from the purchase price of $20,000, paid for lots 3, 4, and 5, in block numbered 195, the sum of $1,875.00, being account lien held by James Arp against said property, unrecorded, it is the understanding that I am to reimburse to you upon terms to be agreed, the difference between the sum of $1,875.00 and any sum less than that amount which I am obliged eventually to pay to the said James Arp, account of the above lien.

"Yours very truly,

"M. E. PACKER."

Appellant contends that this measures the extent of her liability. It is true that a contract which may rest in parol, if reduced to writing, measures the liability of the parties to it. This writing, however, in so far as it is a contract at all, declares merely that the purchaser has deducted and withholds $1,875 from the purchase price to meet and pay an indebtedness due to James Arp, the amount of which indebtedness is secured by a lien on the property. This is a mere recital. The contractual part of the writing is simply the agreement to give to Mr. Ferguson whatever may be left of the $1,875 after payment of the lien claim. This in no wise militates against the pleading and proof of the plaintiff that Mrs. Packer had assumed the liabilities of the Ferguson mortgage and had agreed to pay it according to its terms. That this could be established by parol is, of course, well settled. (*Hopkins* v. *Warner,* 109 Cal. 133, [41 Pac. 868]; *Hibernia Sav. etc. Soc.* v. *Dickenson,* 167 Cal. 616, [140 Pac. 265].) And equally well established is the principle of equity that a deed or other written instrument may be reformed against a subsequent grantee or other person acquiring rights under the contract who takes with notice of the infirmity in the original writing. (*Woodworth* v. *Guzman,* 1 Cal. 203; *Citizens' Nat. Bank* v. *Judy,* 146 Ind. 322, [43 N. E. 259].)

Certain errors of the court in ruling on the evidence are urged. Thus, it is declared that the court erred in allowing the introduction in evidence of the joint note of the plaintiff and defendant Ferguson in favor of the Miller-Enwright Company. Also that the court erred in overruling appellant Packer's objection to evidence of the amount of the indebtedness for which Arp had become liable to that company as joint maker of the note. These points require no consideration. From what has already been said it is manifest that Arp's legal liability on his note to the Miller-Enwright Company was the very essence of the mortgage given by the Fergusons to Arp, and that the amount of the lien upon the real property mortgaged was to be established by the extent of Arp's liability on his note.

The judgment and the order denying appellant's motion for a new trial are affirmed.

Lorigan, J., and Melvin, J., concurred.