[L. A. No. 5561. In Bank.—May 4, 1921.]

# A. STANLEY WHITE, Respondent, v. CARL F. SCHADER et al., Appellants.

[1] VENDOR AND VENDEE—EXCHANGE OF PROPERTY—AGREEMENT TO ASSUME MORTGAGE—EVIDENCE.—In a sale of real property · an agreement to assume and pay a mortgage is not inconsistent with a deed reciting that the property is granted subject to a mortgage. Consequently, such an agreement may be shown by parol evidence.

[2] ID.—CONSIDERATION—ASSUMPTION OF MORTGAGE—RES ADJUDICATA. In an action to recover the amount of a deficiency judgment after sale on foreclosure of mortgage, in which plaintiff claimed that defendants had agreed to pay the mortgage on an exchange of properties, where it was determined that the assumption of the mortgage was part of the consideration for the exchange in a suit for specific performance of the contract, the judgment is *res adjudicata*, as where payment of · a mortgage forms part of the consideration of a conveyance the grantee is bound to pay the same.

[3] ID.—FORECLOSURE OF MORTGAGE—DEFICIENCY JUDGMENT—CONTRACT TO ASSUME MORTGAGE—ACTION TO RECOVER DEFICIENCY.— ACCRUAL OF LIABILITY.—Where mortgaged property had been applied to the debt by a foreclosure sale and there was an unpaid balance, the contention that a suit to recover the amount of the deficiency by one who claims that the defendant assumed the mortgage on exchange of properties was prematurely filed because the plaintiff had not at the time of bringing the suit paid the deficiency cannot be maintained, as plaintiff's right to reimbursement had accrued when suit was brought.

[4] FORECLOSURE OF MORTGAGE—SERVICE BY PUBLICATION—FAILURE TO TAKE DEFICIENCY JUDGMENT—RIGHTS OF MORTGAGEE NOT WAIVED.—In a suit to foreclose a mortgage where service was obtained by publication and jurisdiction was not acquired over the mortgagor, the effect of a decree in the suit is to apply the property to satisfaction of the mortgage, but the mortgagee does not waive her rights against the mortgagor by failing to secure a deficiency judgment, and the payment thereof by the mortgagor is not voluntary.

[5] ID.—AGREEMENT TO ASSUME MORTGAGE—FORECLOSURE OF MORTGAGE—ATTORNEY'S FEES.—An agreement to assume payment of a mortgage on real property includes the payment of attorney's fees on the foreclosure of the mortgage.

1. Admissibility of parol evidence to show that grantee of deed assumed existing liens on property, note, 25 L. R. A. (N. S.) 1202.

APPEAL from a judgment of the Superior Court of the County of Los Angeles. Leslie R. Hewitt, Judge. Affirmed.

The facts are stated in the opinion of the court.

S. W. Odell and Tanner, Odell & Taft for Appellants.

Oscar C. Mueller and Alfred Wright for Respondent.

WILBUR, J.—The parties herein had exchanged two pieces of real estate, each subject to mortgage. The mortgage upon the property of the plaintiff was afterward foreclosed by the mortgagee and sold in satisfaction thereof, leaving a deficiency of $2,264.90. The mortgagee thereupon brought suit against the plaintiff for the amount of the deficiency and the plaintiff in turn brought suit against the defendants, alleging that the defendants in the transaction for the exchange of properties had assumed and agreed to pay the mortgage and were therefore liable to him for such deficiency. Subsequent to the beginning of the suit the plaintiff paid the amount of the deficiency and by way of supplemental complaint set up the fact of such payment. Judgment was rendered for plaintiff, and defendants appeal. Defendants' main contention on the appeal is that the written agreement for the exchange of the real properties of plaintiff and defendants and the deeds which were exchanged in pursuance thereof provided that each party should take the property transferred to it subject to the mortgage thereon. That as there was no agreement either in the deeds or in the written contract for exchange by which the defendants agreed to assume the mortgage upon the property transferred to them, oral evidence that such an agreement was entered into is inadmissible, for the reason that the writing between the parties must be considered conclusive as to the agreement between them.

[1] It is well settled by the authorities that an agreement to assume and pay a mortgage is not inconsistent with a deed reciting that the property is granted subject to a mortgage. Consequently such an agreement may be shown by parol evidence. (*Hopkins* v. *Warner*, 109 Cal. 133, [41 Pac. 868]; *Hibernia Savings & Loan Soc.* v. *Dickinson*, 167 Cal. 616, [140 Pac. 265]; *Dodds* v. *Spring*, 174 Cal.

412, [163 Pac. 351] ; *Arp* v. *Ferguson,* 175 Cal. 646, [166
Pac. 803] ; Jones on Mortgages, secs. 748, 750; 27 Cyc.
1344-D; *Swarthout* v. *Shields,* 185 Mich. 427, [152 N. W.
202] ; *Ordway* v. *Downey,* 18 Wash. 412, [63 Am. St. Rep.
892, 51 Pac. 1047, 52 Pac. 228] ; see note, 78 Am. Dec.
p. 84; *McDill* v. *Gunn,* 43 Ind. 315, 319; *Drury* v. *Tremont
Improvement Co.,* 95 Mass. 168; *Moore* v. *Booker,* 4 N. D.
543, [62 N. W. 607].)    As this court stated in *Hopkins* v.
*Warner, supra:* "It is not necessary that there should be a
formal promise, on the part of the grantee, to pay the mort-
gage debt, in order to render him liable therefor, if his
intention to assume the debt appears from a consideration
of the entire instrument.    The obligation may be made
orally or in a separate instrument; it may be implied from
the transaction of the parties, or it may be shown by the
circumstances under which the purchase was made, as well
as by the language used in the agreement."    (See, also,
*Andrews* v. *Robertson,* 177 Cal. 434, 438, [170 Pac. 1129].)
The theory on which such evidence is permitted, not-
withstanding the contents of the deed, is that the purpose
of such evidence is to show the consideration for the transfer
and that this may be done by parol evidence.    In *McDill* v.
*Gunn, supra,* the supreme court of Indiana thus stated
the rule: "Parol evidence may be given to show the real
consideration of a deed, and that the purchaser took the
conveyance subject to encumbrances and agreed to discharge
them in addition to the consideration stated in the deed.
(*Allen* v. *Lee,* 1 Ind. 58; *Rockhill* v. *Spraggs,* 9 Ind. 30;
*Pitman* v. *Conner,* 27 Ind. 337; *Robinius* v. *Lister,* 30 Ind.
142.)"    Upon the same subject the supreme court of Massa-
chusetts in *Drury* v. *Tremont Improvement Co., supra,*
stated: "The plaintiff contends that the deed is conclusive
evidence of the contract between the parties, and that no
other evidence is admissible on the subject.    But as to the
consideration which was paid the deed is not conclusive.
The acknowledgment of payment may be controlled by parol
evidence of an additional or a different consideration.
(*Paige* v. *Sherman,* 6 Gray, 511; *Miller* v. *Goodwin,* 8
Gray, 542.)"    Further authorities will be found in the
note, 25 L. R. A. (N. S.) 1202.    The following cases therein
cited may be referred to as particularly applicable to the
facts in the case at bar: *Herrin* v. *Abbe,* 55 Fla. 769, [18

L. R. A. (N. S.) 907, 46 South. 183] ; *Perkins* v. *McAuliffe,*
105 Wis. 582, [81 N. W. 645] ; *Johnson* v. *Elmen,* 94 Tex.
168, [86 Am. St. Rep. 845, 52 L. R. A. 162, 59 S. W. 253] ;
*Morgan* v. *South Milwaukee Lake View Co.,* 97 Wis. 275,
[72 N. W. 872] ; *Langan* v. *Iverson,* 78 Minn. 299, [80
N. W. 1051].

It is clear from the foregoing authorities that if the
rights of the parties are determined with relation to the
deed and the oral testimony concerning the assumption of
the mortgage, that the parol evidence with reference to the
assumption of the mortgage was admissible and that the
judgment of the trial court must be sustained.

The foregoing, however, is not entirely decisive of the
case, for the reason that the deed in question was based
upon a previous written agreement of exchange, which agree-
ment was subsequently enforced by a decree of specific per-
formance wherein the parties hereto litigated their respective
rights under said agreement. In determining the rights of
the parties in this action we have to take into consideration
the effect of such contract and such decree. It is, therefore,
necessary to state additional facts in order to arrive at a
conclusion upon that subject. The parties entered into an
agreement for exchange of real estate on the 23d of Novem-
ber, 1911. Under the terms of this agreement the Schaders
agreed to deliver to White a grant deed, on or before the
23d of December, to three lots in Santa Monica with a
certificate of title "showing the title of said property to be
free and clear of all encumbrances in Nellie M. Schader,
except a mortgage for seven thousand five hundred dollars
($7,500.00) payable to Mrs. Mary B. Hook, due approxi-
mately two years from date, and also subject to the restric-
tions of said Carl F. Schader 'Seaside Terrace' Tract above
referred to, as follows: . . . " They also agreed to deliver
to White a bill of sale of all the furniture contained in
the residence erected thereon and to deliver possession De-
cember 22, 1911, on payment of four thousand dollars.
White agreed to deliver to the Schaders on or before De-
cember 23, 1911, a warranty deed to certain real property
in the city of Seattle, Washington, and to deliver a certifi-
cate of title showing the title to the premises to be in White,
"free and clear of all encumbrances, except a certain mort-
gage for seven thousand dollars ($7,000.00) dated April
CLXXXV Cal.—39

20th, 1910, running for five years at seven per cent interest per annum, in favor of Margaret A. Campbell'' and excepting also certain assessments, etc. It was further agreed that the Schaders should pay the interest on the note and mortgage of seven thousand five hundred dollars in favor of said Mary B. Hook to date (November 23, 1911), and that White should pay the interest on the seven thousand five hundred dollar mortgage in favor of Margaret A. Campbell to date. It was further agreed that White should pay the Schaders four thousand five hundred dollars. It should be observed that this contract calls for a grant deed from the Schaders and a warranty deed from White, the effect of which deeds would be that each grantor should discharge the encumbrances upon his own property. It is to be further observed, however, that each grantor was to furnish evidence of title showing the property subject to the particular encumbrances referred to in the agreement.

Subsequent to the delivery of possession of Schaders' property to White they brought a suit to recover possession and for rescission of the contract of exchange. White by cross-complaint sought to specifically enforce the contract, and the Schaders in their answer to the cross-complaint sought to reform the agreement of exchange. In the complaint for a specific performance it was necessary that the cross-complainant allege as he did that the consideration was adequate. This allegation was denied and formed one of the issues in the case. The findings of the court upon that subject is as follows: ''That said agreement hereinbefore referred to was and is a just and reasonable agreement as between the plaintiff and the defendant, and at the time said agreement was made the said property of the defendant in the city of Seattle and the sum of four thousand five hundred dollars paid by the defendant to the plaintiff, together with the difference in plaintiff's favor in the *mortgages assumed by the plaintiff and the defendant respectively*, constituted and were a fair, just, and adequate consideration for the said property of the plaintiff in said city of Santa Monica.'' (Italics ours.) It was in pursuance of this finding as to the entire transaction between the parties and the effect of the deed tendered by White to Campbell that the decree was rendered requiring the Schaders to

specifically perform the agreement by the delivery to White of their deed to the property in Santa Monica.

This action between the parties was pending at the time of the bringing of the action at bar, the former action having been tried and judgment rendered and the case was on appeal. In defendants' answer they stood upon the pendency of that case as a ground of abatement, but previous to the trial the former action had been terminated by an affirmance of the judgment (*Schader* v. *White,* 173 Cal. 441, [160 Pac. 557].) The judgment-roll in the prior case was introduced in evidence. [2] Inasmuch as the question of the consideration passing between the parties in the transaction was involved in the previous action, and was determined by the findings and judgment in that case, the proposition that the assumption of the mortgage in question was part of the consideration running to respondent is *res adjudicata,* and it is well settled that where the payment of a mortgage forms part of the consideration of a conveyance that the grantee is bound to pay the same. The rule is thus stated in *Brosseau* v. *Lowy,* 209 Ill. 405, [70 N. E. 901] : " 'It is well established that when a party purchases premises which are encumbered, to secure the payment of indebtedness, and assumes the payment of the indebtedness as a part of the purchase money, the premises purchased are in his hands a primary fund for the payment of the debt, and it is his duty to pay it. (*Lilly* v. *Palmer,* 51 Ill. 331; *Russell* v. *Pistor,* 3 Seld. (7 N. Y.) 171.) And the rule is the same, although there be no assumption of payment of the indebtedness, if the purchase be made expressly subject to the encumbrance, and the amount of the indebtedness thereby secured is included in and forms a part of the consideration of the conveyance. (*Lilly* v. *Palmer, supra; Comstock* v. *Hitt,* 37 Ill. 542; *Fowler* v. *Fay,* 62 Ill. 375; *Russell* v. *Pistor, supra; Ferris* v. *Crawford,* 2 Denio, 598.)' " (See, also, *Tichenor* v. *Dodd,* 4 N. J. Eq. 454.)

In considering the question as to whether the findings and judgment in the prior action between the parties are conclusive upon the question of the assumption of the mortgage in question, it should be stated that the appellants rely upon the statement contained in the findings that " . . . said contract contains the whole agreement of the

parties thereto. . . ." This clause is a part of the sentence in the findings disposing of Schader's contention in that case that there could have been a mutual mistake in the drafting of the contract in omitting the following words: "that said A. Stanley White is to pay the taxes on the premises in the City of Seattle for the years 1911–12," and it was in that connection that the court found that these words were not omitted by mistake and incidentally that the contract contained the whole agreement of the parties. This general statement, of course, is modified in so far as the assumption of the mortgage in question is concerned by the express finding that the parties agreed to assume the mortgages upon the properties deeded to them respectively.

In view of the fact that the question of the assumption of the mortgage is *res adjudicata* under the circumstances of this case, it is unnecessary to consider whether the parol evidence introduced with reference to the assumption of the mortgage was properly receivable or sufficient in legal effect to establish such assumption.

[3] Defendants claim that the action was prematurely filed for the reason that the plaintiff had not at that time paid the deficiency; that, therefore, the order permitting the filing of the supplemental complaint was erroneous and that proof thereunder should not have been received. There is no merit in the contention, for the reason that the right of the plaintiff to reimbursement had accrued when suit was brought. At that time the mortgaged property had been applied to the debts by the mortgage foreclosure sale and there was an unpaid balance (*Stichter* v. *Cox*, 52 Neb. 532, [72 N. W. 848]; *Callender* v. *Edmison*, 8 S. D. 81, [65 N. W. 425]; *Adams* v. *Symon*, 6 N. Y. Supp. 652; *Merriam* v. *Pine City Lumber Co.*, 23 Minn. 314; *Burbank* v. *Roots*, 4 Colo. App. 197, [35 Pac. 275]; *Williams* v. *Fowle*, 132 Mass. 385; *Sparkman* v. *Gove*, 44 N. J. L. 252; *Kreling* v. *Kreling*, 118 Cal. 413, [50 Pac. 546]; 1 Jones on Mortgages, sec. 769). The case of *O'Neal* v. *Hart*, 116 Cal. 69, [47 Pac. 926], is cited as authority for an opposite conclusion. It is merely held in that case that the grantor was not entitled to a judgment against the grantee *in the mortgage foreclosure case* where the mortgagee had asked no relief against the grantee, and that the vendor and grantor could only be entitled to such judgment upon the payment of the defi-

ciency, if any. This does not purport to determine the rights of the vendor and grantor in a separate action against the grantee and vendee who has assumed and agreed to pay a mortgage upon the premises transferred.

[4] Appellants contend that the mortgagee waived her rights against the mortgagor, the plaintiff herein, by failing to secure a deficiency judgment in the mortgage foreclosure case. In that case service was obtained by publication. Jurisdiction was not acquired over the person of the plaintiff, and the effect of the decree was to apply the property to satisfaction of the mortgage. It was in no sense a waiver of the rights of the mortgagee against the mortgagor. The payment by the plaintiff to the mortgagee was, therefore, not voluntary.

[5] Appellants claim that the judgment is excessive, at least to the extent of the attorney's fees which were included in the mortgage foreclosure. The agreement to pay these attorney's fees was included in the agreement to assume and to pay the mortgage debt. (*Williams* v. *Moody,* 95 Ga. 8, [22 S. E. 30]; *Johnson* v. *Harder,* 45 Iowa, 677.)

Judgment affirmed.

Sloane, J., Olney, J., Shaw, J., Lennon, J., Angellotti, C. J., and Lawlor, J., concurred.

Rehearing denied.

All the Justices concurred.