EDWIN W. LAMKA, Plaintiff, v. JOSEPH E. DONNELLY, MARY NEHL, Exec. of the Estate of John P. Nehl, Deceased; H. P. NEHL and NICK HENTGES, Defendants, Appellants.

**Real Property:** RECOVERY OF PURCHASE MONEY: VENDOR'S LIEN. The plaintiff executed a note and mortgage to his father providing that

the same should be void upon the death of the father, and he subsequently sold the land subject to the mortgage, his grantee assuming the indebtedness and retaining the amount of the same from the purchase price. Subsequently plaintiff's grantee sold to another who had notice of the mortgage and also retained the amount of the indebtedness from the purchase price. *Held*, that upon the death of the father, which discharged the mortgage, the plaintiff was entitled to recover the amount of the mortgage from the grantees and was entitled to a vendor's lien upon the land to secure the unpaid purchase price.

Mortgages: LIABILITY OF GRANTEE OF PREMISES. One who purchases land subject to a mortgage, simply buying the equity of redemption, does not become personally liable for the mortgage debt; but if he retains the amount of the mortgage from the purchase price he impliedly assumes its payment, and is personally liable to the mortgagee for the amount, and also to the vendor if he is required to pay it.

Same. Where a mortgage debt forms part of the consideration for the purchase of land, the purchaser is bound to reimburse the mortgagor if he is required to pay the debt, although he does not expressly agree to pay it; and if he purchases subject to the mortgage he becomes the principal debtor, although he did not assume it, and the land becomes the primary fund.

Same. Where a grantee of mortgaged premises did not retain any part of the price to protect him against the mortgage, and had no knowledge that his vendor had done so when he purchased, the land could not be charged with a lien in favor of the grantor of his vendor, who had retained a part of the price to protect him as against the mortgage.

*Appeal from Chickasaw District Court.*—HON. A. N. HOBSON, Judge.

THURSDAY, NOVEMBER 13, 1913.

ACTION to establish a vendor's lien, and to recover balance of the purchase money. Judgment and decree for the plaintiff. Defendants Nehl appeal. *Affirmed.*

*Smith & O'Connor*, for appellants Nehl.

*J. R. Bane,* for appellant Lamka.

*Springer, Clary & Condon* and *Sager & Sweet,* for appellee Donnelly, intervener.

*M. E. Geiser,* for appellee Hentges.

GAYNOR, J.—On and prior to the 13th day of December, 1888, the plaintiff herein was the owner of the land in controversy. He was the son of one Christian Lamka, and on the 13th day of December, 1908, executed and delivered to his father a certain note for $1,100, payable December 13, 1910, bearing 6 per cent. interest, and, to secure the same, made and delivered to his father a certain mortgage upon the land in controversy. In said note there was this provision: "This debt is null and void at the death of Christian Lamka, and is then to be considered canceled; the note being made only for the purpose of securing 6 per cent. annual interest to said Lamka during his life on the value of said land, and for no other purpose." The mortgage contained the following provision: "This mortgage is given for the purchase money of the above-described premises. It is hereby expressly agreed that, at the death of the said Christian Lamka, this mortgage is to become null and void, and to be considered paid in full."

It appears that on the 6th day of December, 1904, the plaintiff and his wife executed and delivered to Joseph E. Donnelly a warranty deed to the premises described in the mortgage and in controversy here and other lands for an expressed consideration of $8,000. It appears that the deed from the plaintiff to Donnelly contained this provision, that they are free from incumbrance, except $2,700 to L. W. Darrow, and a mortgage to Christian Lamka and Mina Ortman, which the grantee assumes and agrees to pay as part of the purchase price. It appears that on July 27, 1905, Joseph E. Donnelly and wife conveyed to the defendants herein, John

P. Nehl and H. P. Nehl, the eighty acres in controversy upon the expressed consideration of $5,200; that the deed from Donnelly to Nehl contained the following provision: "Grantees to pay to Christian Lamka the full amount of one mortgage upon said land for $1,100, which grantees assume and agree to pay according to the terms of the mortgage. Grantees also assume and agree to pay one mortgage running to Mina Ortman for $300, with interest from July 27, 1905, interest payable annually at 6 per cent." On September 15, 1905, the Nehls and wives conveyed the premises in suit to the defendant Nick Hentges upon the expressed consideration of $5,000. In this deed was the following provision: "Subject to a mortgage of $1,100 to Christian Lamka, which grantee assumes and agrees to pay according to the terms of said mortgage, and in no other way, and subject to one mortgage running to Mina Ortman, which mortgage grantee assumes and agrees to pay according to its terms." It appears that Christian Lamka died on February 22, 1911, and that the interest on the note of $1,100 secured by the original mortgage was paid to January 1, 1911.

Upon the trial of the cause, judgment was entered against Joseph E. Donnelly for $1,100 and interest, and, from this judgment, he does not appeal. Judgment was also entered against Mary Nehl, executrix of the estate of John P. Nehl, deceased, and H. P. Nehl jointly for $1,100, with interest at 6 per cent. from February 22, 1911, and the court further provided that, if Donnelly paid the judgment so entered, he should be subrogated to the rights of the plaintiff in the judgment as against Mary Nehl, executrix, and H. P. Nehl. The cause was dismissed as to the defendant Hentges on the theory that it did not affirmatively appear that he had retained any portion of the purchase money, and had no knowledge that the same had been retained by the other defendants at the time he made the purchase from the Nehls. The Nehls appeal, and their appeal will be considered first. They appeal from the judgment in favor of the plaintiff

against them, and plaintiff appeals from that portion of the judgment in which the court dismissed the plaintiff's action as to the defendant Hentges.

We will first take up and consider the points relied upon by the Nehls for a reversal.

It is apparent from the whole record, and we find the facts to be, that, when Donnelly purchased the property from the plaintiff, he retained enough of the purchase money to meet the note and mortgage given by the plaintiff to his father, to wit, $1,100; that he retained this to protect himself against the mortgage. Plaintiff was entitled to the full purchase price of the land from Donnelly, if it had not been for this mortgage. So much as Donnelly retained of the purchase price to meet these mortgages belonged to the plaintiff, retained by Donnelly to reimburse him in the event he was required to pay this mortgage, or the land should be subject to the mortgage.

1. REAL PROP-
ERTY : recovery
of purchase
money : ven-
dor's lien.

The contract upon which the note and mortgage was given, as expressed therein, was made between the plaintiff and his father for the benefit of the plaintiff. The portion of the purchase price retained by Donnelly could only become his, as against the plaintiff, when he was required to pay the mortgage. The note and mortgage were canceled upon the death of the plaintiff's father, and this by reason of the agreement between the father and the plaintiff. This inured to the benefit of the plaintiff, and not Donnelly. The relationship of the parties would have been the same had the mortgage and note not contained these conditions, and the plaintiff had paid to his father the amount of the note and mortgage after conveyance to the Donnellys. He then would be entitled to recover that portion of the unpaid purchase money which was retained by Donnelly to protect himself against the contingency of having to pay the mortgage or having the land, which was deeded to him, appropriated to that purpose. Donnelly, therefore, as to the plaintiff, stood

as withholding a certain portion of the purchase price of the land to meet a contingency which had passed. The court rightly held Donnelly liable for so much of the purchase price as he had thus retained.

Nehls purchased from Donnelly, with notice of the fact, not only constructive, but actual, that Donnelly had not paid to the plaintiff the $1,100 in controversy here. When they purchased from Donnelly, they, too, retained out of the purchase price sufficient to protect them and the property purchased from the contingency of this mortgage. If this mortgage had been discharged at the time the Nehls purchased it, Donnelly would have been entitled to the $1,100 retained by the Nehls to meet the contingency of this mortgage. It is not claimed that Nehls paid this mortgage. It was canceled and rendered void by the death of Christian Lamka, by reason of the agreement made between the plaintiff and his father as evidenced by the note and mortgage. The testimony discloses that the Nehls retained $1,100 of the purchase price of this property from Donnelly to meet the contingency of this mortgage, and the mortgage and the indebtedness secured by it are canceled and discharged, and the land relieved therefrom, not by any act of the Donnellys, but by reason of the contract between the plaintiff and his father. At the time this action was commenced, therefore, the Nehls retained, and had in their possession, so much of the purchase price as remained unpaid, and was withheld by them because of the existence of this Christian Lamka mortgage.

The plaintiff had a vendor's lien upon this, the property in controversy as against Donnelly, for so much of the purchase price as was withheld by Donnelly to meet the contingency of this mortgage. Donnelly had a vendor's lien against the property for so much of the purchase price as was withheld by the Nehls to meet the contingency of this mortgage. The unpaid purchase price, whether paid by the Nehls to Donnelly, or by Donnelly to the plaintiff, was the property of the plaintiff. Plaintiff brings this action against both par-

ties to recover the unpaid purchase price, and to subject the land to his vendor's lien. Before this action was commenced, however, Nehls had disposed of the land to Hentges, an innocent purchaser, without notice of the fact that neither Nehls nor Donnelly had retained from the plaintiff any portion of the purchase price, or that the plaintiff had a vendor's lien on the premises for unpaid purchase money.

This case is clearly distinguishable from those cases in which the vendee purchases subject to a mortgage—cases wherein he does not assume or agree to become personally liable for the mortgage. The land, then, is the fund out of which, or to which, the parties must look for reimbursement. The mortgage in this case was peculiar, having provisions in it which relieve the land and the plaintiff from all liability for the amount of the note upon the death of plaintiff's father.

It has been frequently held that, where one purchases the equity of redemption, buys the land simply subject to the mortgage, he does not become personally liable for the

2. MORTGAGES: liability of grantee of premises.

mortgage debt. But it must be borne in mind that this is not an action upon any covenants or contracts in the deed to pay the mortgage. The mortgage stood upon the record as a menace to the land, as a cloud or incumbrance thereon, against which the purchaser had a right to protect himself. From the record here it appears that the method adopted by these parties for protection was to retain a certain portion of the purchase price of the land, the intention evidently being to retain it for protection to themselves until such time as the contingency passed, and the mortgage no longer became a cloud upon the title to the land. This is a direct action to recover the unpaid portion of the purchase price from these defendants, on the theory, only, that they have retained so much of the purchase price from the plaintiff, and that plaintiff had, therefore, a vendor's lien upon the property to the extent of the unpaid purchase price. The provisions in the mortgage, and

what was said and done between the parties touching the mortgage, has only probative force in its relationship to these facts, and as serving to give notice of the fact upon which the plaintiff predicates his right in this action, though action is not bottomed on the mortgage or upon the deeds. The basis of plaintiff's right to recover is not the provisions in the deed, or in the mortgage; but the fact that they have retained a certain amount of the purchase price of plaintiff's land to protect them against a contingency that has passed.

It is a familiar doctrine, and the authorities are in harmony upon the proposition, that, even where there is a mortgage upon the land at the time of the sale, and the vendee retains out of the purchase price a sufficient amount to meet the mortgage, even without an expressed agreement to that effect, he will be held to have assumed the payment of the mortgage, and is personally liable for the amount to the mortgagee, and would be clearly liable to his vendor for the amount of the mortgage in the event the vendor was required to pay it. This is upon the theory that, the grantee having retained a certain portion of the purchase money belonging to his grantor for the purpose of meeting an obligation of his grantor, he is bound, both in law and equity, for the amount of the consideration so retained to some one; either bound in the property which he receives, or bound personally. If, by the action of his grantor, he and the land are relieved from the obligation, then the grantor becomes entitled to the balance of the unpaid purchase money.

The provision in the Christian Lamka note and mortgage by which it became defeated was made for the benefit of the plaintiff herein, and, upon the death of his father, he became released from the obligation thereunder. These grantees are now seeking to reap the fruits and benefits of that contract by retaining from the plaintiff the balance of the purchase price withheld by them from him to meet this contingency.

In 1 Jones on Mortgages, sec. 751, it is said: "Whenever the mortgage debt forms a part of the consideration of

the purchase, although the purchaser has not entered into any covenant or agreement to pay it, he is bound to the extent of the property to indemnify his grantor.'' The same rule is stated in *Wood v. Smith,* 51 Iowa, 156.

Where the mortgage debt forms a part of the consideration of the purchase, although the purchaser has not entered into any contract to pay it, he is bound to that extent to indemnify the debtor who is subrogated to all the rights of the mortgagee in the security, and, similarly, if the property is sold subject to the mortgage, although the purchaser has not assumed or agreed to pay it, he is, as to the mortgage, the principal debtor, and the land the primary fund. See 37 Cyc. 465.

**3. SAME.**

We hold in this case that the defendants have retained a certain portion of the purchase price of the land from their grantor, the plaintiff herein; that they held the same to protect them against a possible liability from the mortgage; that the contingency upon which the liability rested has passed; that the plaintiff is now entitled to recover from them the balance of the unpaid purchase money. This is eminently just and equitable, and there was no error in the court in so holding.

As to the other defendant, Hentges, the evidence does not disclose that he withheld from the plaintiff, or retained in any way, any portion of the purchase money, or that he had any knowledge that the other defendants had retained the purchase money from the plaintiff herein sued for, and that he took the land free from any lien on the part of the plaintiff on account thereof, and the judgment as to both appeals is affirmed. All the costs of this appeal are taxed to the defendants Nehls; except the cost made on plaintiff's appeal, and all costs made by plaintiff in appealing from the judgment in favor of Hentges are ordered taxed to the plaintiff. Judgment *Affirmed.*

**4. SAME.**

WEAVER, C. J., and DEEMER, LADD, and WITHROW, JJ., concurring.