W. F. HAWN et al., Appellees, v. WILLIAM MALONE et al., Appellants.

MORTGAGES: Transfers Subject to Mortgage—Duty of Vendee to
1 Pay. A vendee who takes conveyances of land subject to specified existing mortgages thereon must pay such mortgages if the amount thereof was retained by him out of the purchase price, and parol evidence is admissible to show the actual consideration paid.

EVIDENCE: Parol as Affecting Writing—True Consideration Paid.
2 Parol evidence is admissible to show the true consideration paid by a vendee for incumbered land,—to show that the amount of existing incumbrances was deducted from the purchase price, —and thereby to indicate an implied promise by vendee to pay such incumbrances.

CONTRACTS: Express Not Excluding Implied. There may be an
3 *implied* contract on a point not covered by an express written contract.

MORTGAGES: Discharge by Vendor—Recovery Over Against Ven-
4 dee. A vendor of land who, subsequent to the conveyance, has been compelled to discharge an incumbrance on the land because of the vendee's failure to perform his implied promise to discharge it, may not recover of the vendee *more* than he paid to effect the discharge—may not compromise the claim, and then charge the vendee with the full face of the claim.

*Appeal from Guthrie District Court.*—J. H. APPLEGATE, Judge.

FEBRUARY 17, 1920.

PLAINTIFFS claim to have conveyed a tract of land to the defendants, subject to certain incumbrances thereon which were deducted from the purchase price, and which plaintiffs were compelled to pay; and this action is brought to recover the amount thereof.—*Affirmed.*

*F. E. Gates* and *George B. Lynch*, for appellants.

*Robbins & Bonn* and *R. O. Garber*, for appellees.

STEVENS, J.—On October 21, 1912, plaintiffs were the owners of 400 acres of land in Charles Mix County, South Dakota, and the defendants, of a 240-acre tract in Polk County, Iowa. On that date, they entered into a written contract, by the terms of which plaintiffs agreed to convey the Dakota land to the defendants, and the defendants, to convey the Polk County land to plaintiffs. A deed was executed by plaintiffs on October 28th, reciting a consideration of $28,000, containing the following provision:

1. MORTGAGES: transfers subject to mortgage: duty of vendee to pay.

"It is understood and agreed and between the parties hereto that William Malone and J. W. Gray accepts this deed subject to two mortgages a first and second mortgage aggregating sixteen thousand one hundred dollars on the above-described land after March first, 1913."

The deed of defendants bears date October 23d, is in the usual form of warranty deed, and recites a consideration of $26,400. The deeds were delivered on a later date. The reason for the delay was that the contract gave defendants 15 days in which to inspect the Dakota land before it became finally binding.

The incumbrance of $16,000 upon the Dakota land was made up of three mortgages, instead of two, as follows: A first mortgage of $5,000, a second mortgage of $5,000, and a third mortgage, executed by plaintiffs, for $6,100. The Polk County land was unincumbered, but mortgages aggre-

gating $16,000 were placed thereon by plaintiffs, the pro-
ceeds of which, except $1,000, were paid to defendants. De-
fault was made in the payment of the third mortgage upon
the Dakota land, and suit was brought against plaintiffs on
the note secured thereby. This suit was compromised and
settled by plaintiffs' paying $2,000 to the holder of the note,
whereupon plaintiffs commenced this action, demanding pay-
ment of the full amount of the note, the petition alleging
that same was deducted from the agreed purchase price of
the Dakota land. The court, however, limited plaintiffs'
recovery to the amount paid in settlement of the suit
brought against them.

The principal controversy between the parties is over
the admission by the court of parol evidence to show the
consideration claimed by plaintiff to have been paid for the

2. EVIDENCE:
parol as affect-
ing writing:
true considera-
tion paid.

Dakota land, counsel for appellant taking
the position that the contract is conclusive
upon every matter touching the negotia-
tions and exchange of properties, and must
be construed as an agreement for the ex-
change of equities only. Both parties appeal. The defend-
ants are designated in the record as appellants, and we will
first dispose of the questions raised by them.

Plaintiffs' cause of action is stated in two counts. In
the first, they allege that they sold the Dakota land to de-
fendants at an agreed price of $70 per acre, or the aggregate
sum of $28,000, subject to the incumbrances thereon, which
were deducted from the purchase price, and demanding
judgment for $6,100; and in the second count, they allege
that defendants orally agreed that the whole consideration
of $28,000 should not be paid for the Dakota land in cash,
but that the amount of the incumbrances should be de-
ducted from the consideration, and that defendants were
to pay the incumbrances, including the $6,100 mortgage. As
stated above, the contract allowed defendants 15 days in

which to inspect the Dakota land. Within that time, the defendant Gray went to South Dakota, and thoroughly inspected the land, on which one of the defendants at the time resided. There is some conflict in the evidence as to whether he was dissatisfied with the land or the improvements, but it is agreed that he refused to consummate the deal unless defendants were paid an additional $500.

As appears from the portion of the contract quoted above, plaintiffs agreed to execute mortgages upon the Polk County land as follows: One for $10,000, and one for $4,500. A $6,000 mortgage was executed, however, instead of the $4,500 mortgage. After defendant Gray declined to consummate the trade, unless an additional $500 was paid, plaintiffs agreed to raise the $4,500 mortgage to $6,000, if defendants would loan $1,000 to plaintiffs. On October 29th, a contract was entered into to that effect. No other money, except the $1,000, was paid by either party, and this sum was applied in part by defendants to the payment of interest due on the Dakota mortgages, together with taxes, which plaintiffs agreed to pay.

The court upon the trial permitted plaintiffs and other witnesses, over the objections of defendants, to testify to the alleged oral agreement. Later, however, upon motion of counsel for appellant, this issue was withdrawn, and the jury instructed to disregard the evidence, in so far as it tended to show an oral agreement.

Plaintiffs and C. J. Jordan, a real estate agent with whom both tracts of land were listed for sale, testified that a value of $110 per acre was agreed upon for the Polk County land, and of $70 per acre for the Dakota land; that the matter was fully talked over; and that the consideration expressed in the deeds was the amount agreed upon between the parties at the time the deeds and contract were executed. The evidence is in sharp conflict as to what took place before and at the time of the execution of the written in-

struments, but no claim is made by counsel for appellant in his assignment, brief points, or argument that the evidence, if admissible, is insufficient to sustain the verdict, and, therefore, we have no occasion to review it in detail.

I. The law is well settled in this state that the vendee to whom mortgaged real estate is conveyed, subject to such mortgage, without any agreement, express or implied, to pay the same, is not personally liable therefor; but, if the incumbrance is deducted from the purchase price agreed upon between the parties, without an express agreement to assume and pay the same, an agreement to that effect will be implied, and, if the vendor is compelled to pay any part of such incumbrance, he has a right of action against vendee therefor. *Northwestern Nat. Bank v. Stone,* 97 Iowa 183; *Foy v. Armstrong,* 113 Iowa 629; *Marshall Inv. Co. v. Lindley,* 156 Iowa 6; *Lamka v. Donnelly,* 163 Iowa 255; *Halvorson v. Mullin,* 179 Iowa 293.

If, however, the transaction involves the mere exchange of equities in respective tracts of land, and values are considered only, if at all, for the purpose of adjusting differences, no such implication will arise. Defendants allege in their answer, and assert in argument, that the competent evidence in this case brings it within the latter rule. The general rule that parol evidence is not admissible to vary, contradict, or alter the terms of a written instrument does not exclude evidence offered to show the true consideration paid for the land. Parol evidence is admissible for that purpose. The original contract signed by the parties does not recite a consideration, but simply states "that the parties of the first part (defendants) have this date sold and agreed to convey, or have conveyed, to parties of the second part or their heirs or assigns, the following described real estate located in the county of Polk, state of Iowa and described as follows;" and that "party of the second part agrees to convey the following described real estate to the

party of the first part." The deeds, however, which were executed at the same time, recite the consideration stated above. If the written contract controls, and parol evidence is inadmissible for the purpose of showing the true consideration for the sale of the Dakota land, together with the facts and circumstances surrounding the parties at the time, from which an agreement on the part of defendants to take care of the incumbrances might be implied, then a new trial must be granted. A contract will not be implied, where an express contract between the parties in reference to the same matter is shown.

3. CONTRACTS: express not excluding implied.

"This rule only applies, however, where the express and asserted implied contract relate to the subject-matter, and where the provisions of the express contract would supersede those of the other." 13 Corpus Juris 243.

We find nothing in any of the decisions of this court cited by counsel for appellant holding contrary to the conclusion arrived at in this opinion.

The plaintiff in *Aufricht v. Northrup,* 20 Iowa 61, alleged in his petition "that the plaintiff, in consideration of the sum of $200, paid by the defendant to plaintiff, and at the same time of a promise made by defendant to plaintiff, as in said deed and contract written, that he, the defendant, would pay the said school fund claim." The deed was attached to the petition as an exhibit. A demurrer to the petition was sustained, upon the ground that it did not appear upon the face of the petition or deed that defendant had promised to pay the mortgage debt. The demurrer was sustained, and the ruling of the court properly affirmed upon appeal.

*Hull & Co. v. Alexander,* 26 Iowa 569, holds only that, where real estate is sold "subject to the mortgage," the vendee is not bound to pay the same.

*Lewis v. Day,* 53 Iowa 575, when carefully analyzed, is

in harmony with all of the other cases. cited above. Plaintiffs in that case sold the defendant certain real estate in the city of Des Moines, on which there was a mortgage, which it is claimed defendant agreed to pay. Delivery of a deed containing a clause to that effect was offered and declined by the defendant. The deal was not consummated, and plaintiff brought suit for damages. There was a trial and verdict for the defendant, and plaintiff appealed. The court, in the course of the opinion, said:

"The question in the present case is materially different from this. The written contract either did, or did not, contain a stipulation to the effect the defendant should pay the Hartford mortgage. If it did, the proposed amendment and evidence was immaterial. If it did not, it is evident to our minds the parol proof offered would have a direct tendency to add to, or vary, the legal effect of the contract. It makes no difference that the offer was to show that the mortgage was deducted as a part of the purchase price. For the appellants claim the law to be, if the mortgage was deducted from the price agreed to be paid, a promise by the defendant to pay the mortgage will be implied. If this proposition be true, the legal effect of the proposed evidence would be to add to the writing such implied promise; or rather, it would follow as a legal conclusion from the established fact. If such a conclusion would not follow, then the proposed evidence would be immaterial."

In other words, the court held that nothing could be added to the contract by parol, either by proof of an oral agreement to pay the incumbrances, or· of such facts as would establish an implied contract to do so. In concluding the opinion, the writer recognized the rule under consideration. It is there said:

"What would be the rule if the mortgaged property had been exhausted, and the plaintiffs compelled to pay any

portion of the debt secured by the mortgage, is not in the
case."

*Lamka v. Donnelly,* supra, *Bradley v. Hufferd,* 138
Iowa 611, *Rice v. Hulbert,* 67 Iowa 724, are in harmony
with the other cases cited. The holding in *Bristol Sav. Bank
v. Stiger,* 86 Iowa 344, is approved in *Halvorson v. Mullin,*
supra. Both cases recognize the general rule, and the de-
cision in each case is based upon the failure of proof.

The test for determining whether there has been a sale
or exchange of property is whether there was a fixed price
at which the exchange was to be made. If there was a fixed
price, the transaction is a sale; if not, an exchange. *Fagan
v. Hook,* 134 Iowa 381; *Lamka v. Donnelly,* supra. In the
latter case, the court said:

"It is a familiar doctrine, and the authorities are in
harmony upon the proposition, that, even where there is a
mortgage upon the land at the time of the sale, and the
vendee retains out of the purchase price a sufficient amount
to meet the mortgage, even without an expressed agreement
to that effect, he will be held to have assumed the payment
of the mortgage, and is personally liable for the amount to
the mortgagee, and would be clearly liable to his vendor for
the amount of the mortgage, in the event the vendor was re-
quired to pay it. This is upon the theory that, the grantee
having retained a certain portion of the purchase money
belonging to his grantor for the purpose of meeting an obli-
gation of his grantor, he is bound, both in law and equity,
for the amount of the consideration so retained to some-
one; either bound in the property which he receives, or bound
personally. If, by the action of his grantor, he and the
land are relieved from the obligation, then the grantor be-
comes entitled to the balance of the unpaid purchase money."

We think this case comes within the familiar rule that
parol evidence is admissible for the purpose of showing the
real consideration, and that the contract offered in evidence

is in no wise altered or modified thereby. It is silent as to the consideration; and, while some inference may be drawn from the language thereof that the parties intended only an exchange of equities, this is evidentiary only, and not conclusive. The terms of the alleged implied contract do not contravene the terms of the written contract. Defendants abandoned the Dakota land, leaving plaintiffs to pay or compromise the $6,100 incumbrances for which they were personally liable. The evidence was in dispute as to the value of the Dakota land, but plaintiff W. F. Hawn testified that they paid $65 per acre for it in March, 1912. The whole transaction, together with the circumstances surrounding the same, was admissible for the purpose of showing the true consideration and the intention of the parties.

II. The conclusion reached above disposes of all questions raised on defendants' appeal, except the contention that their motion for a new trial should have been sustained, upon the ground that the admission of the testimony of the witnesses to establish a parol agreement was necessarily prejudicial to them. Most of the evidence offered was admissible upon the question already discussed. It is true that evidence improperly admitted may be of a character inherently prejudicial, the withdrawal of which from the jury by the court under proper cautionary instructions to disregard the same does not cure the error; but the testimony in question is not of that character.

III. The sole question presented upon plaintiffs' appeal is whether they should have been permitted to recover the full amount of the note, or only the amount paid by them. The only portion of the purchase price lost by plaintiffs was the amount paid in settlement of the $6,100 note. By the repayment of this amount with interest, they received the full purchase price for their land, and were not entitled to recover more. It follows that the judg-

4. MORTGAGES: discharge by vendor: recovery over against vendee.

ment of the court below must be and is affirmed upon both appeals.—*Affirmed.*

WEAVER, C. J., LADD and GAYNOR, JJ., concur.