MATILDA DIMMITT et al., Appellants, v. W. L. JOHNSON et al., Appellees.

**MORTGAGES:** Foreclosure—Deficiency Judgment—Demurrer. Plaintiff's prayer in mortgage foreclosure for a deficiency judgment against a subsequent purchaser must fall, on demurrer, when based solely on an allegation that the subsequent purchaser retained from the purchase price an amount equal to plaintiff's mortgage *"with which to pay it,"* and when the unquestioned written contract between the mortgagor-vendor and the subsequent purchaser (also pleaded by plaintiff) shows on its face a contrary state of facts, and necessarily a contrary intent.

**EVIDENCE:** Parol as Affecting Writings—Recited Consideration. Principle reaffirmed that that part of a written contract which states the definite consideration for the contract is just as immune from parol contradictory testimony as any other part of the contract.

Headnote 1: 27 Cyc. p. 1755. Headnote 2: 22 C. J. p. 1157.

*Appeal from Wapello District Court.*—W. M. WALKER, Judge.

APRIL 7, 1925.

ACTION by plaintiffs, as mortgagees, to foreclose a mortgage, with prayer for a deficiency personal judgment against the defendant W. L. Johnson and wife Ida Johnson, as mortgagors, and W. B. Bonnifield and the M. B. Hutchison estate, as purchasers of the mortgaged land. The opinion states the pleaded facts. From a ruling by the trial court sustaining a demurrer to that part of the petition seeking a deficiency judgment against the defendants, the plaintiffs appeal.—*Affirmed.*

*Roberts & Webber* and *Jones & White,* for appellants.

*Jones & White,* for cross-petitioners.

*Heindel & Hunt,* for appellees.

DE GRAFF, J.—May a plaintiff prove by parol an allegation in the petition which contradicts the terms of a written contract pleaded by him in the same petition? That is the question in this case. To ascertain our latitude and longitude, and thereby determine the locus of the plaintiff, let us examine the facts.

The defendants W. L. and Ida Johnson, husband and wife, executed the mortgage in suit to the plaintiffs, to secure two promissory notes of even date of $15,000 each, and thereafter sold the land to the other defendants in this action. The petition is an ordinary one to foreclose a mortgage, and sets out the two notes and a copy of the mortgage. It alleges that the defendants other than W. L. Johnson and wife have some title or interest in the lands, and, after reciting the breach of conditions in the mortgage, prays a foreclosure, the appointment of a receiver, and asks, in the event that the land should not sell for a sufficient amount to satisfy plaintiffs' judgment, interest, and costs, that a personal judgment for any deficiency be rendered against both the mortgagors and the purchasers of the mortgaged property. The purchasers of the mortgaged property are the defendants W. B. Bonnifield and the M. B. Hutchison estate. For the purpose of this opinion, since there is no controversy concerning the relation of the parties, we will speak of the defendants John-

1. MORTGAGES: foreclosure: deficiency judgment: demurrer.

son and wife as the mortgagors, and all other defendants as the purchasers of the real estate covered by the mortgage.

It is beyond question that the original petition did not state a ground for a deficiency judgment against the purchasers. Prior to the ruling of the court on a demurrer to the petition, an amendment was filed, which set out the contract of purchase signed by W. B. Bonnifield and the Hutchison estate. There can be no dispute that the amendment to the petition did not show any right in the plaintiffs to a deficiency judgment against the purchasers; and before a demurrer to the petition as amended was ruled, the plaintiffs filed a second amendment, which, so far as material to the controversy between the parties hereto, stated:

"That the agreed purchase price for said premises was the sum of fifty thousand five hundred ($50,500.00) dollars * * * that, at the time of the conveyance of said real estate, there was a mortgage upon said premises for the sum of thirty thousand ($30,000.00) dollars, held by these plaintiffs, as alleged in their petition * * * that the defendant W. B. Bonnifield and the M. B. Hutchison estate retained out of the said agreed purchase price of fifty thousand five hundred ($50,500.00) dollars the sum of thirty thousand ($30,000.00) dollars, with which to pay the mortgage of these plaintiffs."

The amendment also alleged the manner of paying the balance of the purchase price, and attached copy of the deeds of conveyance. It further contains considerable argument to prove the quoted allegation, supra; but the argumentative matters are of no importance in reaching a decision. A cross-petition was filed by the mortgagors, W. L. Johnson and wife, praying for a judgment against the purchasers; but no appeal was taken from any ruling on the cross-petition.

This appeal is from the ruling of the court sustaining the demurrer of the purchasers as to the right of the plaintiff to a deficiency judgment, and involves the one question, whether the petition, as amended, states a cause of action entitling plaintiffs to a deficiency judgment as against the *purchasers* of the mortgaged property. The plaintiff-appellants, as mortgagees, contend that they should have been allowed to introduce evidence to prove their allegations, upon the theory that, when land

is sold subject to a mortgage, and the amount of the mortgage debt has been deducted and retained by the purchaser out of an agreed purchase price, the purchaser will be held liable to the mortgagee to the same extent as though he assumed the mortgage under the terms of an express contract.

Clearly, if money is placed in the hands of A by B for the purpose of discharging B's debt by A when it becomes due, there is at least an implied contract, if not actually an express one, that A will discharge that debt. Certainly A is bound in law personally to do so, either because he has made a contract with B for the benefit of a third party, or because he has in his hands money that rightfully belongs to B's creditor. The true criterion as to whether there is a contract between A and B that A shall discharge B's debt is the intent of the parties. The result is the same, whether B actually placed the money with which to pay the debt in A's hands, or whether A originally owed B a sum equal to the debt, and was allowed to retain the same for the purpose of discharging that debt. The intent or promise in the second case is more difficult of proof than in the former, because the retaining of the money would be equivocal; whereas B's placing the cash in A's hands would be more nearly unequivocal. Whether A promised and was obliged to perform because of a contract with B would depend upon the intent of the parties. There is considerable difficulty, however, in implying a promise when the facts on which the implication is based are in dispute. In the abstract, the appointment to pay a given sum for property upon which there is a mortgage, and the retention of a sufficient amount of that given sum for the purpose of discharging that mortgage, would, if conclusively shown, raise an implied promise between the parties for the benefit of the mortgagee. The fundamental element in both cases is the intent of the parties. The retention of part of the purchase price is merely evidence tending to prove the intent; but there is no difference in the obligation that arises by a purchaser's expressly assuming and promising to pay a mortgage, and the implied agreement that he shall pay, except that in the one case the promise is expressed, and in the other it is implied. The mere retention of the money alone is not conclusive proof from which the intent could be implied. It must, in addition, be

retained for the purpose of paying the mortgage. How can anyone say what the purpose of the retention is, unless, at the time it was retained, there was an agreement between the parties as to that purpose? This is the same as saying that the promise (the purpose) is also expressed; and in either event, the liability to the mortgagee arises out of a contract made for the benefit of a third party. Such an obligation should not be confused with that class of cases where the purchaser is liable to the mortgagor for money expended by the mortgagor in freeing the land from the mortgage when it was the purchaser's obligation. See *Northwestern Nat. Bank v. Stone,* 97 Iowa 183; *May's Estate,* 218 Pa. St. 64; *White v. Schader,* 185 Cal. 606 (198 Pac. 19); *Stanhope's Estate,* 184 Pa. St. 414. In such cases, if the mortgagor has paid a debt that was rightfully owed by the purchaser, or has discharged the purchaser's land from the mortgage, naturally he is entitled either to subrogation or indemnity; but the cases are not in harmony in determining which. In *Hawn v. Malone,* 188 Iowa 439, the contract involved an exchange of lands. Both parties appealed; the plaintiff-appellant (treated as appellee in the opinion) contending that he was entitled to recover the face of the mortgage note ($6,100), which he was compelled to pay and did pay, although the debt was compromised, and he was able to settle for $2,000. Plaintiff was allowed to recover only the amount that he expended in settlement of the mortgage, on the theory that he was entitled to be indemnified for the damage suffered by him because of defendant's breach of contract.

The controversy in the case at bar is more fundamental. Whose obligation was it? Was it an obligation of the purchaser's, as well as one of the mortgagor's,—that is, was there any contract, express or implied, between the Johnsons, as vendor-mortgagors, on the one hand, and the purchasers, Bonnifield and the Hutchison estate, on the other, that the purchasers would pay the mortgage? The only ground that appellant has for claiming that there was such a contract, and the only basis for predicating his argument, is the allegation in his petition to the effect that the purchasers retained out of the agreed purchase price of $50,500 the sum of $30,000 with which to pay the mortgage. If the allegation were supported by pleaded facts,

we would adhere to our previous decisions that such would at least *prima facie* raise the implied promise. Should appellant, then, have been allowed to introduce proof by parol of his allegations in this particular? We answer in the affirmative, provided that his petition on its face does not show that he is not entitled to recover the deficiency judgment for which he prayed. The petition shows on its face, however, that the agreed purchase price was not $50,500. The pleaded contract between the Johnsons and the defendant-purchasers is conclusive on this matter. There is no allegation that this is not the true and correct contract. There is no allegation that there was any contract or promise other than the one pleaded. The contract affirmatively shows that there was no intent on the part of these purchasers, express or implied, to assume the mortgage.

It is appellants' contention, however, that parol evidence is admissible to show the true consideration for the sale of the property, and that such evidence would not vary the terms of the contract; that no one can say from the contract whether there was a sale at a fixed price or a mere exchange of equities, without resorting to extrinsic evidence; that the contract is silent on the question whether or not there was a fixed price, and consequently parol evidence of such an agreement does not vary the terms of the written contract. What is the language of the contract? Does the language disclose the true intent of the parties? We think it does. There is nothing to supply. There is nothing to explain. True, the contract does not say what the agreed value of the property was; but the contract does expressly state what the *quid pro quo* for the mortgaged property is. The contract reads:

2. EVIDENCE: parol as affecting writings: recited consideration.

"The said party of the second part [the purchasers] hereby agrees to give in payment for the above described property [the mortgaged property] the property hereinafter described as follows: * * * And it is agreed and understood that second party is to pay first party the sum of twelve hundred fifty ($1,250.00) dollars March 1, 1921; * * * and second party paying in cash this date the sum of five hundred ($500.00) dollars, receipt of which is hereby acknowledged."

Any evidence that would tend to show a different promise

from the promise above quoted would certainly vary the terms of this contract. The consideration is expressly and fully stated, in unmistakable language; and under such circumstances it is not competent to add to, vary, or change the terms by parol evidence. Whatever the rule may be for varying the consideration where it has been recited by way of receipt, it is not applicable to the instant agreement. In other words, it is sought to change the subject-matter of the contract; and that cannot be done by parol. It is said in *DeGoey v. Van Wyk,* 97 Iowa 491:

"There is much conflict in the authorities as to what may be shown regarding the consideration of a written instrument. Many authorities hold that the consideration may be shown by parol to be greater or less, other or different from, or something additional to that stated in the writing. * * * Other authorities seem to go so far as to permit a consideration to be shown which is inconsistent with or contrary to that stated in the written instrument * * * In our own state and in cases where the facts involved make the holdings applicable to the facts of the case at bar, the rule has been adhered to that, when the considerations are expressed and fully stated, in unmistakable language, in the written instrument, it is not competent or admissible to add to, change or vary them by parol evidence."

Both appellant and appellees in the case at bar cite and rely on the case of *Hawn v. Malone,* supra. The conclusion in that case is in harmony with the view expressed herein. The contract in the *Hawn* case did not recite a money consideration, but simply stated:

" 'That the parties of the first part (defendants) have this date sold and agreed to convey, or have conveyed, to parties of the second part or their heirs or assigns, the following described real estate located in * * * state of Iowa, * * *' and that 'Party of the second part agrees to convey the following described real estate to the party of the first part.' "

It is said:

"If the written contract controls, and parol evidence is inadmissible for the purpose of showing the true consideration for the sale of the Dakota land, * * * then a new trial must be granted."

A new trial was denied, and the parol evidence for the pur-

pose of proving the true consideration must have been considered inadmissible. It will also be observed that the parol evidence admitted in that case was not admitted to change the subject-matter of the written contract, nor did it vary the subject-matter or supersede the written contract. In the *Hawn* case, there was an exchange of properties of practically equal value; and, regardless of the language used, the parties were held to the subject-matter of the contract as written; and the parol evidence, so far as admitted, did not affect the consideration for the exchange of properties. The $15,000 involved was paid under a different contract, namely: a contract to save plaintiff harmless from the mortgage.

We are not concerned, in the instant case, with the test to be applied in differentiating an exchange from a sale of property. Whether there has been a sale or an exchange of property cannot be conclusively determined by the fact that there was a fixed price at which the exchange was to be made. It is a fairly safe criterion, but is not absolute. Whether there is a sale or an exchange depends upon the intent at the time; and no fixed rule can be prescribed in determining that intent under all circumstances, but it must be determined from the peculiar circumstances of the particular transaction.

Upon a consideration of the contract alleged in the plaintiffs' petition herein, its terms show affirmatively that the parties did not intend a sale, but that they did intend an exchange of property. To allow the plaintiff to prove the other allegations in his petition would allow him to contradict the facts shown on the face of his own petition, as well as to allow him to vary the intent of the parties. He has alleged in his pleading the contract which discloses the intent of the parties. His own allegations show that there was no promise to assume this mortgage, either express or implied. His own allegations show that the consideration to be paid for this mortgaged property was the exchange of another piece of mortgaged property and $1,750. The contract shows affirmatively that there was no intent on the part of the purchasers either to pay the mortgage or to retain in their possession a part of the purchase money for the purpose of paying the mortgage, even though the petition alleges facts in contradiction of the intent clearly disclosed in the contract.

As long as the petition shows that the plaintiffs have no right to recover a deficiency judgment against these purchasers, it would be impossible for the plaintiffs to prove facts in contradiction of the matters so disclosed on the face of the petition. The court, therefore, properly ruled the demurrer, and it follows that the judgment entered must be, and is,—*Affirmed.*

Faville, C. J., and Evans and Vermilion, JJ., concur.