(No. 5115. April 2, 1929.)

WM. A. SIEKMAN and CLARA SIEKMAN, Respondents, v. CLARENCE G. MOLER and BARNES BROTH-ERS, INCORPORATED, a Corporation, Defendants, and HENRY WHITSON and HESTER G. WHITSON, His Wife, Appellants.

[276 Pac. 309.]

Wm. C. Dunbar and Charles F. Reddoch, for Appellants.

W. H. Davison and Frawley & Koelsch, for Respondents.

BAKER, District Judge.—Plaintiffs, as assignees, instituted this action for the foreclosure of mortgage executed by Clarence G. Moler and wife in favor of Barnes Bros., Incorporated, and for deficiency judgment against Moler, the mortgagor, and Henry Whitson, a subsequent grantee of the mortgaged premises. The issue in this court relates solely to the personal liability of the latter. The complaint alleged that subsequent to the execution of the mortgage the mortgagors conveyed the premises to the defendant, Whitson, and "that by the terms of said deed the defendant . . . . Whitson, accepted the conveyance . . . . subject to plaintiffs' mortgage and that the amount then due on said mortgage debt was deducted from the purchase price of said land and that the defendant, Henry Whitson, did agree with said . . . . Moler . . . . to assume and pay such mortgage debt . . . . and that the defendant Henry Whitson is personally liable for any deficiency . . . . that may remain after said property is sold." By answer the defendant, Whitson, admitted the execution and delivery of the conveyance but denied that the amount of the debt was deducted from the purchase price or that he agreed to assume and pay the mortgage debt. In answer to special interrogatories submitted, a jury found that Whitson and Moler orally agreed upon a sale of the land at a definite price of $1,750; that Whitson orally agreed to assume and pay the mortgage debt and that for the purpose of ascertaining the amount of cash to be paid to Moler the amount of the mortgage was deducted from the agreed purchase price. The court found that the answers so made were sustained by proof and adopted them, found also that Whitson accepted the conveyance and retained out of the purchase price the amount of such indebtedness and concluded that plaintiffs were entitled to recover from Whitson and Moler any deficiency that might remain. Decree was accordingly entered. The motion of the defendant Whitson for new trial was denied and from that order as well as from the decree entered, said defendant has appealed. The other defendants defaulted.

The appellant advances, and relies for a reversal upon, the following contentions: 1. Since the deed recited merely that it was subject to the mortgage, evidence that he had orally agreed to pay the debt or any evidence from which a liability to pay might be implied varied the terms of the deed and was therefore inadmissible; 2. That the agreement to assume and pay the debt was a promise to answer for the debt of another and was invalid because not in writing; 3. That the complaint did not allege facts sufficient to disclose a liability on the part of Whitson; and, 4. The insufficiency of the evidence to sustain the findings.

The purchaser of mortgaged property may, by contract, bind himself to pay and assume personal responsibility for the payment of the mortgage indebtedness. The agreement may be incorporated in the deed of conveyance or evidenced by some other writing; it may rest wholly in parol or may be implied from the transaction or shown by circumstances (*Hopkins v. Warner,* 109 Cal. 133, 41 Pac. 868; *Holland v. W. C. Belcher Land Mortgage Co.* (Tex. Civ. App.), 248 S. W. 803; 18 Cal. Jur. 48; 41 C. J. 721). There was no evidence that appellant either orally or by an instrument in writing expressly assumed or agreed to pay the mortgage debt. His liability, if any exists, results from the answers of the jury adopted by the court that the amount of the mortgage debt was deducted from the agreed purchase price and retained by appellant. By the great weight of authority an agreement to assume and pay the mortgage debt will be implied from proof that the amount of the indebtedness was deducted from the agreed purchase price and retained by the grantee (2 Jones on Mortgages, 8th ed., 304; 41 C. J. 724, 744; *Hopkins v. Warner, supra; White v. Schader,* 185 Cal. 606, 21 A. L. R. 499, 198 Pac. 19; *Dimmitt v. Johnson,* 199 Iowa, 966, 203 N. W. 261; *Lamka v. Donnelly,* 163 Iowa, 255, 143 N. W. 869; *Sanderson v. Turner,* 73 Okl. 105, 174 Pac. 763; *Herrin v. Abbe,* 55 Fla. 769, 46 So. 183, 18 L. R. A., N. S., 907; *Brown v. Leeak,* 52 N. D. 398, 203 N. W. 185; *Heid v. Vreeland,* 30 N. J. Eq. 591). When these facts have been shown the implied agree-

ment is said to result from the very nature of the transaction and the enforcement of such agreement is but the enforcement of the grantee's obligation to make payment of the agreed purchase price. By deducting from such price and retaining in his hands the amount of the indebtedness he sufficiently evidences his intention to apply the amount retained to the payment of the mortgage debt and to assume the obligation to make such payment. The amount retained is regarded as money due from the purchaser to the mortgagor and to be by the former applied and paid in a particular manner.

It is with rare exceptions held that the oral agreement, either express or implied, to assume and pay the mortgage is not inconsistent with a deed of conveyance reciting that it is made subject to the mortgage and the fact that the grantee so assumed and agreed to pay the debt may be shown (*White v. Schader, supra; Hibernia Savings & Loan Soc. v. Dickinson,* 167 Cal. 616, 140 Pac. 265; *Dodds v. Spring,* 174 Cal. 412, 163 Pac. 351; *Arp v. Ferguson,* 175 Cal. 646, 166 Pac. 803; *Robson v. O'Toole,* 60 Cal. App. 710, 214 Pac. 278; *Ordway v. Downey,* 18 Wash. 412, 63 Am. St. 892, 51 Pac. 1047, 52 Pac. 228; *Morgan v. South Milwaukee Lake View Co.,* 97 Wis. 275, 72 N. W. 872; *Woodburn v. Harvey,* 107 Kan. 57, 190 Pac. 620; *Knighton v. Chamberlin,* 84 Or. 153, 164 Pac. 703). The deed of conveyance does not merge the previous contracts and negotiations of the parties so as to preclude proof of an antecedent agreement on the part of the purchaser to pay the mortgage debt (19 R. C. L. 381; 18 Cal. Jur. 48; *Dodds v. Spring, supra; Woodburn v. Harvey, supra*). The evidence from which a promise to pay the mortgage debt is implied is received not to vary the terms of a written instrument but to show the consideration for the transfer. This may be done where the consideration as expressed in the deed is not a contractual provision but is a recital only (2 Jones on Mortgages, 305).

The right of the mortgagee to enforce the agreement of assumption against the purchaser is recognized, especially in equity, though the courts do not agree upon the principles

which give that right (41 C. J. 749; 18 Cal. Jur., sec. 372, p. 52).

■ Appellant contends that the agreement relied upon by respondents amounts to a promise to answer for the debt of another and is therefore invalid unless in writing, subscribed by the party charged as required by the statute of frauds (subd. 2, C. S., sec. 7976). It is of course true that the debt plaintiffs seek to recover was primarily that of Moler. The promise upon which Whitson is sought to be charged was not made to the creditor. It was a promise not to discharge Moler's obligation but to pay his own in a particular manner. Whitson did not agree to pay the debt of "another" but to pay his indebtedness to Moler by paying it to the plaintiffs. The fact that Moler's debt to the plaintiffs might in that manner be discharged was incidental and immaterial. The authorities are, with unusual harmony, in agreement (27 C. J. 136, 137; 2 Jones on Mortgages, 8th ed., 301; 19 R. C. L. 381; *Morgan v. South Milwaukee Lake View Co., supra; Southern Indiana Loan & Savings Inst. v. Roberts,* 42 Ind. App. 653, 86 N. E. 490; *Herrin v. Abbe, supra; Fosha v. O'Donnel (Prosser),* 120 Wis. 336, 97 N. W. 924; *Mulvaney v. Gross,* 1 Colo. App. 112, 27 Pac. 878). The evidence was properly received.

■■ The complaint alleged in substance that the conveyance to appellant was subject to the mortgage; that the amount due on the mortgage was then deducted from the purchase price and that appellant agreed to assume and pay the mortgage debt. Appellant did not demur to the complaint but questioned its sufficiency for the first time in his motion for new trial. During the trial the complaint was at all times and by both respondents and appellant regarded as sufficient. No objection was made to any evidence offered upon the ground that the complaint did not state sufficient facts. The objections were that the evidence was inadmissible in that it varied the terms of the deed and offended the statute of frauds. While the complaint might have been more specific, we think it sufficient to warrant recovery upon proof of an express contract or of facts from

which a promise to pay might be implied. While an appellant may question the sufficiency of a complaint for the first time in this court, complaints so attacked are not subjected to the same strict rules as when questioned by demurrer in the trial court (*Hess v. Hess,* 41 Ida. 359, 239 Pac. 956; *Jenness v. Co-operative Publishing Co.,* 36 Ida. 697, 213 Pac. 351).

The question of sufficiency of the evidence was presented in the trial court by motion for new trial and is renewed here by proper assignments of error.

The deed recited that the conveyance was made in consideration of the sum of $10 "and other good and valuable considerations" and that it was subject to the mortgage. No promise to pay the mortgage debt is contained in, or can be implied from, any statement contained in the deed (41 C. J. 717; 18 Cal. Jur. 44; *Shepherd v. May,* 115 U. S. 505, 6 Sup. Ct. 119, 29 L. ed. 456; *Lloyd v. Lowe,* 63 Colo. 288, 165 Pac. 609, L. R. A. 1918A, 999; *McArthur v. Goodwin,* 173 Cal. 499, 160 Pac. 679). The use of the word "subject" tends to disprove any intention on the part of the grantee to assume a personal responsibility for the payment of the mortgage indebtedness (*Hibernia Sav. & Loan Soc. v. Dickinson, supra; McArthur v. Goodwin, supra*). The use of the word discloses an intention on the part of the grantee to accept the title to the property incumbered and on the part of the grantor to be relieved from the covenants against incumbrances. Even when the deed makes no reference to the mortgage, the party relying upon oral evidence to establish a liability on the part of the purchaser to pay the mortgage must make proof of such facts in a clear, satisfactory and convincing manner (41 C. J. 730; *Ordway v. Downey,* 18 Wash. 412, 63 Am. St. 892, 51 Pac. 1047, 52 Pac. 228; *Holland v. W. C. Belcher Land Mortgage Co., supra; Brichetto v. Raney,* 76 Cal. App. 232, 245 Pac. 235). There is more reason for requiring that character of proof where, as here, the deed tends to establish an intention to convey the mortgagor's interest

only and not an intention on the part of the grantee to become personally liable.

We consider now the evidence offered. The mortgagors testified that appellant wrote to them asking them if they would consider an offer of the sum of $10 per acre for the land; that thereafter they came to Boise and agreed upon the sale; that the amount due on the mortgage was ascertained and that amount with delinquent interest and taxes was deducted from the sum of $1,600 and the balance, amounting to approximately $640, was paid in cash; that no interest was thereafter paid by them on the mortgage. Appellant denied that he had written offering the sum of $10 per acre for the land or that the sum of $1,600 was the price finally agreed upon. He testified that he finally agreed to pay $650 for the Molers' interest in the land and to accept it subject to the mortgage; that there was at that time paid by him to the Molers the sum of $650 less delinquent interest, taxes, revenue stamps, abstract and other charges amounting to the sum of $182.40 and the sum of $100 withheld for a time to protect himself against costs in case foreclosure was instituted before the delinquent interest was paid to plaintiffs; that he thereafter paid interest later becoming due. He denied that he agreed to pay the mortgage debt or that the amount then due on the mortgage, other than delinquent interest which he later paid, was deducted from the purchase price. There is no circumstance in evidence corroborating the testimony of the mortgagors while the testimony of appellant finds considerable corroboration in documentary evidence offered and admitted. In appellant's first letter, dated June 4, 1919, no price was mentioned. The letter was nothing more than an inquiry as to whether the land was for sale and the price and terms. The mortgagor answered that he would take ''$1750 for it, the party assuming the mortgage.'' Appellant answered giving his understanding of the terms fixed by Moler in his letter. He added: ''I had heard that your land was for sale at $10 per acre or $1600.00 for the quarter section.'' Moler answered and among other things said: ''As a cash price I

will take $650—net over and above the mortgage now."
Appellant answered and stated: "I think I can handle
your land at the price named, namely: $650.00 cash over
the mortgage." Moler answered: "You will get either crop
or rent if you buy the place for $650.00 net to me." The
deed was executed on July 30, 1919. It is at once apparent
that the answer of the jury that the agreed purchase price
was $1,750 is not sustained. The memory of the Molers
was faulty in several particulars. The first letter did not
contain an offer to pay $10 per acre or any other sum for
the land. The arrangements were made principally by cor-
respondence and the Molers did not come to Boise to com-
plete the deal after the receipt of but one letter. The price
of $10 per acre or $1,600 for the tract was not accepted as
the basis of compensation. Clearly the deal was that appel-
lant was to pay $650 for the land. No deductions were
made from that sum on account of the mortgage except
interest then delinquent. With the purchase price definitely
fixed at $650, appellant is personally liable only in the event
he expressly assumed and agreed to pay the mortgage. The
Molers do not contend that such an agreement was made.
We do not think the evidence of respondent and the letters
admitted were sufficient to clearly, convincingly or satisfac-
torily show that appellant expressly assumed the payment
of the mortgage debt. We attach no special importance to
the circumstance that appellant paid interest later becoming
due and that nothing was paid by the mortgagors. The
land, the title to which had passed to appellant, was pri-
marily liable for the payment of the debt and payment of
interest by him was entirely consistent with his position
that he accepted the title incumbered by the mortgage but
without personal responsibility. It is entirely probable that
appellant for a time believed that the land was worth more
than the mortgage debt but finally concluded that the de-
creases in land values had made his interest of no value.

The cause is remanded to the trial court with instructions
to modify the judgment by striking therefrom all provisions

for deficiency against the appellant, Henry Whitson, and as so modified is affirmed. Appellant will recover costs.

Budge, C. J., Givens and Wm. E. Lee, JJ., and Adair, D. J., concur.