(No. 6003.   October 16, 1933.)

HINCKLEY ESTATE COMPANY, a Corporation, Appellant, v. J. L. GURRY and ALICE B. GURRY, His Wife, BERTHA DRISCOLL, an Unmarried Woman, AGNES DRISCOLL and IDAHO PAINT & GLASS COMPANY, a Corporation, Defendants; GEORGE C. DISSAULT and M. A. DRISCOLL, Respondents.

[26 Pac. (2d) 121.]

H. J. Swanson, for Appellant.

Jones, Pomeroy & Jones, for Respondent Dissault, and Walter H. Anderson, for Respondent Driscoll.

BUDGE, C. J.—This action was brought to foreclose a real estate mortgage. Respondents, as subsequent grantees of Gurry and wife, mortgagors, were made parties defendant, against whom appellant sought to recover a deficiency judgment. Motions for nonsuit made in behalf of respondents were sustained and judgment entered decreeing foreclosure of the mortgage but denying recovery as to respondents, and from the latter part of the judgment this appeal is taken.

The record discloses the following facts: On November 17, 1925, Gurry and wife made, executed and delivered to A. C. Hinckley their promissory note for $7,000 due three years after date, and to secure the payment thereof made, executed and delivered to A. C. Hinckley, on the same day, their mortgage covering certain real property in Pocatello. After the death of A. C. Hinckley, by probate proceedings and assignment, the note and mortgage were transferred to appellant. On November 26, 1926, Gurry and wife executed a warranty deed to the premises, in favor of Dissault, containing the following clause:

"The deed is given and accepted subject to one certain mortgage for $7,000.00, . . . . which the party of the second part (Dissault) agrees to pay."

which was recorded at the request of Gurry. On March 19, 1927, Dissault, a single man, conveyed the property by warranty deed to M. A. Driscoll, the deed containing the following clause:

"This deed is given and accepted subject to one certain mortgage for $7,000.00, . . . . which the party of the second part (Driscoll) agrees to pay."

This deed was duly recorded at the request of M. A. Driscoll. On June 20, 1931, M. A. Driscoll and wife conveyed the property by quitclaim deed to Bertha Driscoll. Default

having been made in the terms of the mortgage, appellant, on August 4, 1931, commenced this action.

The sole question presented by the assignments of error is whether or not the trial court erred in sustaining the motions of respondents for nonsuit.

■ It should first be observed that it is alleged in the complaint that Dissault accepted the deed from Gurry and wife to him, and agreed to pay the mortgage referred to therein, also that M. A. Driscoll accepted the deed from Dissault to him, and agreed to pay the mortgage therein referred to, which allegations were denied by respondents. The assumption of a mortgage by the grantees of the mortgagor will not be presumed (2 Jones on Mortgages, p. 292, sec. 933), and the burden was upon appellant to make a *prima facie* showing in support of such allegations. Each of the motions for nonsuit was based upon the ground that "plaintiff has failed to make out a case imposing a personal liability" as to the respective respondents.

■ The rule is well established that a motion for nonsuit admits the truth of plaintiff's evidence and of every fact which it tends to prove, and he is entitled to the benefit of all inferences that can justifiably be drawn from the evidence. (*Maryland Casualty Co. v. Boise Street Car Co.,* 52 Ida. 133, 11 Pac. (2d) 1090; *First Nat. Bank v. Stringfield,* 40 Ida. 587, 592, 235 Pac. 897; *Coulson v. Aberdeen-Springfield Canal Co.,* 39 Ida. 320, 323, 227 Pac. 29; *Schleiff v. McDonald,* 37 Ida. 423, 216 Pac. 1044; *Bank of Commerce v. Baldwin,* 12 Ida. 202, 211, 85 Pac. 497.)

It is therefore incumbent upon us to determine whether, from the evidence introduced and the facts which it tends to prove, and giving appellant the benefit of justifiable inferences to be drawn therefrom, appellant made *prima facie* proof of the assumption of the mortgage by the respective respondents sufficient to withstand the motions for nonsuit.

In *Seikman v. Moler,* 47 Ida. 446, 451, 276 Pac. 309, 310, this court said:

"The purchaser of mortgaged property may, by contract, bind himself to pay and assume personal responsibility for the payment of the mortgage indebtedness. The agreement may be incorporated in the deed of conveyance or evidenced by some other writing; it may rest wholly in parol or may be implied from the transaction or shown by circumstances. (*Hopkins v. Warner,* 109 Cal. 133, 41 Pac. 868; *Holland v. W. C. Belcher Land Mortgage Co.,* (Tex. Civ. App.) 248 S. W. 803; 18 Cal. Jur. 48; 41 C. J. 721."

Taking up first the evidence tending to show the assumption of the mortgage by Dissault, we find that the deed from Gurry and wife to Dissault, containing the assumption clause quoted above, was admitted in evidence, showing on its face that the same was duly recorded at the request of J. L. Gurry, but that the same was not signed by Dissault. The record title to the property remained in Dissault for over four months, at the end of which time he executed, acknowledged and delivered the deed from himself to Driscoll containing the same assumption clause as in the deed to him, the same being recorded at the request of Driscoll.

Proof of the inclusion in a deed of a clause whereby the grantee assumes and agrees to pay an existing mortgage on the premises, which deed is not signed by the grantee, is not sufficient, standing alone, to prove the grantee's assumption of the mortgage. (41 C. J. 726.) Likewise, proof of the recording of a deed by the grantor, without other circumstances, is not sufficient to bind the grantee or establish delivery or the grantee's acceptance thereof. (4 Thompson on Real Property, p. 1007, sec. 3927.) However, the grantee's acceptance of such a deed need not be by formal or express words to that effect, but may be shown by acts, conduct or words of the parties showing an intention to accept. Thus, there may be an acceptance by an assertion of title in him, by his conveyance of the property or by acts of ownership generally in respect to the property. (18 C. J. 214, sec. 123; *Gould v. Day,* 94 U. S. 405, 24 L. ed. 232; *Creedon v. Mahoney,* 193 Mass. 402, 79 N. E. 776; *Kinney v. Wells,* 59 Ill. App. 271; *Kenner v.*

*Williams,* 307 Mo. 682, 271 S. W. 489; *Jackson v. Cleveland,* 15 Mich. 94, 90 Am. Dec. 266.)

█ Evidence of the execution of the deed itself, or the recording thereof, or the inclusion of the assumption clause therein, each standing alone and so considered, are insufficient to establish the assumption of the mortgage, but when they are considered together with the added fact of the conveyance to Driscoll containing the same assumption clause, duly acknowledged by Dissault, the recording at the request of Driscoll, thus evidencing an exercise of control and dominion over the property by Dissault, we think are sufficient to justify the inference to be drawn therefrom that the mortgage was assumed by Dissault and sufficient at least to withstand the assault of a motion for nonsuit. It therefore follows that the trial court erred in granting said motion as to Dissault.

█ Coming now to the motion of Driscoll and the evidence in support of the assumption of the mortgage by him, the record discloses that the deed from Dissault to Driscoll was admitted in evidence, containing the assumption clause quoted above, showing the same to have been recorded at the request of Driscoll. Testimony was introduced showing that payments of interest were made upon the mortgage, such testimony justifying the inference that the same were made by Driscoll; also that he endeavored in good faith to raise money to pay off this mortgage by attempting to mortgage other property he owned; that he made application for and secured an extension of time from appellant within which to pay the mortgage here sought to be foreclosed and the interest thereon, which we think constituted an acknowledgment of his liability; that he assumed ownership and control over the premises by conveying the same by quitclaim deed to respondent Bertha Driscoll. The foregoing, we think, constitutes a *prima facie* showing of the assumption of the mortgage by Driscoll, sufficient to justify the denial of the motion for nonsuit.

Respondent Driscoll, however, contends that the granting of the nonsuit of Dissault by the trial court constituted a

break in the chain of the assumption of the mortgage, and Driscoll was thereby relieved of the burden, and relies upon the rule announced in *Little v. Boise Trust Co.*, 49 Ida. 259, 287 Pac. 954. However, we have held that there was sufficient proof of assumption of the mortgage by Dissault to overcome the motion for nonsuit. Furthermore, the deed from Gurry to Dissault carried the assumption clause. The deed from Dissault to Driscoll carried the assumption clause in the same language. Dissault did not repudiate the assumption clause or reconvey to Gurry, but passed the assumption clause on to his grantee Driscoll. This, we think, is also a circumstance tending to prove the assumption by Dissault of the mortgage, thereby constituting a continuation of the chain, which, in these respects at least, differentiates the case at bar from the case of *Little v. Boise Trust Co., supra.*

But independently of the evidence above referred to, it is shown that the amount of the indebtedness was deducted from the purchase price paid by Driscoll. This, of itself, is sufficient to prove his assumption of the mortgage. In *Seikman v. Moler, supra,* this court said:

"By the great weight of authority an agreement to assume and pay the mortgage debt will be implied from proof that the amount of the indebtedness was deducted from the agreed purchase price and retained by the grantee. (2 Jones on Mortgages, 8th Ed. 304; 41 C. J. 724, 744; *Hopkins v. Warner*, [109 Cal. 133, 41 Pac. 868] *supra; White v. Schader*, 185 Cal. 606, 21 A. L. R. 499, 198 Pac. 19; *Dimmitt v. Johnson*, 199 Iowa, 966, 203 N. W. 261; *Lamka v. Donnelly*, 163 Iowa, 255, 143 N. W. 869; *Sanderson v. Turner*, 73 Okl. 105, 174 Pac. 763 [2 A. L. R. 347]; *Harrin v. Abbe*, 55 Fla. 769, 46 So. 183, 18 L. R. A. (N. S.) 907; *Brown v. Leeak*, 52 N. D. 398, 203 N. W. 185; *Heid v. Vreeland*, 30 N. J. Eq. 591.) When these facts have been shown the implied agreement is said to result from the very nature of the transaction and the enforcement of such agreement is but the enforcement of the grantee's obligation to make payment of the agreed purchase price. By deducting from

such price and retaining in his hands the amount of the indebtedness he sufficiently evidences his intention to apply the amount retained to the payment of the mortgage debt and to assume the obligation to make such payment. The amount retained is regarded as money due from the purchaser to the mortgagor and to be by the former applied and paid in a particular manner.''

And in *Warner v. Bockstahler,* 48 Ida. 419, 282 Pac. 862, it was held that a purchaser of property subject to mortgages, retaining from the purchase price the amount of mortgages against the property, thereby assumed payment of the same, and became personally liable regardless of the fact that the recital in the deed that it was subject to mortgages would be insufficient in itself to fix a personal liability.

In view of the foregoing, we are of the opinion that appellant made a sufficient *prima facie* showing of the assumption of the mortgage by Driscoll, and the court erred in granting the motion for nonsuit as to him.

The portion of the judgment appealed from is reversed and the cause remanded, with instructions to deny the motions for nonsuit of respondents and put them upon their proof. Costs awarded to appellant, such costs, however, not to include the unnecessary pleadings and papers erroneously included in the transcript.

Givens and Wernette, JJ., concur.

Morgan and Holden, JJ., dissent.